Electronically Filed - Jackson - Independence - May 19, 2017 - 10:01 PM

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

REBECCA LEWIS, Individually, and as Ad )
Litem on behalf of Decedent, and Decedent's )
wrongful death beneficiaries. )
                                  )
                   Plaintiff, )
                                  )
     vs. )
                                    )
BLUE SPRINGS SCHOOL DISTRICT )
[Serve:  **Jim Finley, Superintendent** )
         **2816 S. Stoneridge Rd.** )
         **Blue Springs, MO 64015]**, )
                                    )
PAUL KINDER, Individually, and in his )
Official Capacity as Former Superintendent, )
Blue Springs School District )
**[Serve at: 2308 NE Myrtle Ct.** )
         **Blue Springs, MO 64014]**, )
                                    )
DIANE SEVERNS, Individually, and in )
her Official Capacity as 504 Coordinator, )
Blue Springs Freshmen Center )
**[Serve at: 221 NE Hidden Ridge Cir.** )
         **Lee's Summit, MO, 04064]** )
                                    )
KEVIN GROVER, Individually, and in his )
Official Capacity as Principal, )
Moreland Ridge Middle School, )
**[Serve at: 328 N.E. Parks Edge Place** )
         **Lee's Summit, MO 64064]**, )
                                    )
BRANDON MARTIN, Individually, and )
in his official capacity as Principal, )
Blue Springs Freshmen Center )
**[Serve at: 1204 NE Kenwood Dr.** )
         **Lee's Summit, MO, 64064** )
                                    )
JIM BRESKE, Individually, and )
in his official capacity as Counselor at )
the Blue Springs Freshmen Center )
**[Serve at: 405 SE Williamsburg Dr.** )
         **Lee's Summit, MO, 64063]** )

# Exhibit A

DEBBIE CURTIS, Individually, and in her )
Official Capacity as Former Principal, )
Blue Springs Freshman Center, )
**[Serve at: 5656 N.E. Northgate Place** )
**Lee's Summit, MO 64064]** )
)
BRETT LYON, Individually, and in his )
Official Capacity as Assistant Principal, )
Moreland Ridge Middle School, )
**[Serve at: 1300 Wesley Circle** )
**Raymore, MO 64083],** )
)
MARK WALKENHORST, Individually, )
and in his Official Capacity for the )
Blue Springs Freshmen Center, )
**[Serve at: 901 N. Birch Ct.** )
**Oak Grove, MO, 64075],** )
)
RECHELE ROSS WHITE )
a/k/a SHELLY WHITE, Individually, )
and in her Official Capacity for the )
Blue Springs Freshmen Center, )
**[Serve at: 2605 S.W. Kristin Drive** )
**Lee's Summit, MO 64082],** )
)
ALLISON SPENCER, Individually, and in )
her Official Capacity as Assistant Principal, )
Moreland Ridge Middle School )
**[Serve at: 709 S.W. Elizabeth Street** )
**Blue Springs, MO 64015],** )
)
JUDI KNIPMEYER, Individually, and in )
her Official Capacity as Former 8TH Grade )
Counselor and 504 Coordinator, )
Moreland Ridge Middle School )
**[Serve at: 17905 Long Grove Road, Apt. R** )
**Higginsville, MO 64037],** )
)
MARILLAC CENTER INC., now merged )
into CORNERSTONES OF CARE )
**[Serve: Registered Agent:** )
**BC Agent Services, Inc.** )
**3800 One Kansas City Place** )
**1200 Main Street** )
**Kansas City, MO 64105],** )

2

MAGGIE CHIU, LMSW           )
**[Serve at: Marillac Center**      )
       **8000 W. 127TH Street**   )
       **Overland Park, KS 66213],**  )
                          )
JOHN DOE 1,              )
[Father of a Peer of Decedent whose name  )
and address are currently unknown],  )
                          )
JOHN DOE 2,              )
[Father of a Peer of Decedent whose name  )
and address are currently unknown],  )
                          )
JOHN DOE 3,              )
[Father of a Peer of Decedent whose name  )
and address are currently unknown],  )
                          )
JANE DOE 1,              )
[Mother of a Peer of Decedent whose name  )
and address are currently unknown],  )
                          )
JANE DOE 2,               )
[Mother of a Peer of Decedent whose name  )
and address are currently unknown],  )
                          )
JANE DOE 3,               )
[Mother of a Peer of Decedent whose name  )
and address are currently unknown],  )
                          )
            Defendants.    )

## WRONGFUL DEATH
## PETITION FOR DAMAGES

     Plaintiff Rebecca Lewis, Individually, and as a representative on behalf of Ryker Lewis and his wrongful death class, by and through undersigned counsel, states the following for her causes of action against Defendants Blue Springs School District, Paul Kinder, Brandon Martin, Mark Walkenhorst, Rechele Ross White a/k/a Shelly White, Jim Breske, Diane Severns, Kevin Grover, Debbie Curtis, Brett Lyon, Allison Spencer, Judi Knipmeyer, John Doe 1, John Doe 2, John Doe 3, Jane Doe 1, Jane Doe 2, Jane Doe 3, Defendant Marillac Center Inc., now known as Cornerstones of Care because of a merger, and Defendant Maggie Chiu, LMSW.

Electronically Filed - Jackson - Independence - May 19, 2017 - 10:01 PM

## Parties

1.      Plaintiff Rebecca Lewis is an individual over the age of 21, and resides in Blue Springs, Jackson County, Missouri.

2.      Plaintiff is the natural and biological mother of Decedent Ryker Lewis.

3.      Plaintiff's Decedent was a resident of Blue Springs, Jackson County, Missouri, at the time of his death, and was survived by his parents.

4.      Will Lewis has a full name of Elbert W. Lewis and is the natural and biological father of Decedent Ryker Lewis.

5.      Decedent's surviving parents, Will Lewis and Rebecca Lewis, are married and reside together in Blue Springs, Jackson County, Missouri.

6.      Pursuant to RSMo § 537.080, Rebecca Lewis is a Class I Wrongful Death Beneficiary and entitled to bring this action against Defendants for the wrongful death of Ryker Lewis, individually, and on behalf of the entire class of Decedent's wrongful death beneficiaries.

7.      Defendant Blue Springs School District ("the School District") is a public entity existing in Blue Springs, Jackson County, Missouri. Service may be had by serving the current Superintendent, Jim Finley.

8.      At all times relevant hereto, the School District was acting by and through its agents, servants, and/or employees, actual or ostensible, whether specifically named herein or not, including, but not limited to, Defendants Paul Kinder, Kevin Grover, Brandon Martin, Debbie Curtis, Brett Lyon, Allison Spencer, Jim Breske, Judi Knipmeyer, Diane Severns, Mark Walkenhorst, and Shelly White, each of whom were acting within the scope and course of their employment with the School District.

9.      The Blue Springs School District at all times mentioned herein was a recipient of federal funds, and is presently a recipient of federal funds.

4

10.     Defendant Blue Springs School District is the local educational agency, established under the laws of the State of Missouri, whom at all times relevant herein was responsible for Decedent's education.

11.     Upon information and belief, Defendant Paul Kinder was at all times relevant hereto a resident of Jackson County, Missouri. At all times relevant hereto, Defendant Kinder was the Superintendent of Schools for the Blue Springs School District, and the actions and omissions alleged herein all were done individually and within the course and scope of his employment and/or agency as Superintendent. Plaintiff brings this suit against Defendant Paul Kinder in his official and individual capacity.

12.     Upon information and belief, Defendant Kevin Grover was at all times relevant hereto a resident of Jackson County, Missouri. At all times relevant hereto, Defendant Grover was the Principal of Moreland Ridge Middle School, a Blue Springs School District school, and acted both individually and within the course and scope of his employment and/or agency as a Principal. Plaintiff brings this suit against Defendant Kevin Grover in his official and individual capacity.

13.     Upon information and belief, Defendant Brandon Martin was at all times relevant hereto a resident of Jackson County, Missouri. At all times relevant hereto, Defendant Brandon Martin was Principal and/or Assistant Principal of the Blue Springs Freshman Center, a Blue Springs School District school, and acted both individually and within the course and scope of his employment and/or agency as a Principal. Plaintiff brings this suit against Defendant Brandon Martin in his official and individual capacity.

14.     Upon information and belief, Defendant Debbie Curtis was at all times relevant hereto a resident of Jackson County, Missouri. At all times relevant hereto, Defendant Curtis was Principal and/or Assistant Principal of the Blue Springs Freshman Center, a Blue Springs School District school, and acted both individually and within the course and scope of her employment

and/or agency as a Principal. Plaintiff brings this suit against Defendant Debbie Curtis in her official and individual capacity.

15.     Upon information and belief, Defendant Brett Lyon was at all times relevant hereto a resident of Jackson County, Missouri.  At all times relevant hereto, Defendant Lyon was an Assistant Principal of Moreland Ridge Middle School, a Blue Springs School District school, and acted both individually and within the course and scope of his employment and/or agency as Assistant Principal. Plaintiff brings this suit against Defendant Brett Lyon in his official and individual capacity.

16.     Upon information and belief, Defendant Allison Spencer was at all times relevant hereto a resident of Jackson County, Missouri.  At all times relevant hereto, Defendant Spencer was the Assistant Principal of Moreland Ridge Middle School, a Blue Springs School District school, and acted both individually and within the course and scope of her employment and/or agency as Assistant Principal. Plaintiff brings this suit against Defendant Allison Spencer in her official and individual capacity.

17.     Upon information and belief, Defendant Jim Breske was at all times relevant hereto a resident of Jackson County, Missouri. At all times relevant hereto, Defendant Breske was Decedent's Counselor at the Blue Springs Freshman Center, a Blue Springs School District school, and acted both individually and within the course and scope of his employment and/or agency as a school counselor. Plaintiff brings this suit against Defendant Jim Breske in his official and individual capacity.

18.     Upon information and belief, Defendant Judi Knipmeyer was at all times relevant hereto a resident of Jackson County, Missouri.  At all times relevant hereto, Defendant Knipmeyer was Decedent's Eighth Grade Counselor and 504 Coordinator at Moreland Ridge Middle School, a Blue Springs School District school, and acted both individually and within the course and scope

Electronically Filed - Jackson - Independence - May 19, 2017 - 10:01 PM

of her employment and/or agency as a school counselor and 504 coordinator. Plaintiff brings this suit against Defendant Judi Knipmeyer in her official and individual capacity.

19. Upon information and belief, Defendant Diane Severns was at all times relevant hereto a resident of Jackson County, Missouri. At all times relevant hereto, Defendant Severns was Decedent's 504 Coordinator at the Blue Springs Freshmen Center, a Blue Springs School District school, and acted both individually and within the course and scope of her employment and/or agency as a 504 Coordinator. Plaintiff brings this suit against Defendant Diane Severns in her official and individual capacity.

20. Upon information and belief, Defendant Mark Walkenhorst was at all times relevant hereto a resident of Jackson County, Missouri. At all times relevant hereto, Defendant Walkenhorst was Decedent's teacher at the Blue Springs Freshmen Center, a Blue Springs School District school, and acted both individually and within the course and scope of his employment and/or agency as a school teacher. Plaintiff brings this suit against Defendant Walkenhorst in his official and individual capacity.

21. Upon information and belief, Defendant Shelly White was at all times relevant hereto a resident of Jackson County, Missouri. At all times relevant hereto, Defendant White was Decedent's teacher at the Blue Springs Freshmen Center, a Blue Springs School District school, and acted both individually and within the course and scope of her employment and/or agency as a school teacher. Plaintiff brings this suit against Defendant White in her official and individual capacity.

22. From time to time in this Wrongful Death Petition for Damages, Plaintiff will refer to "the Blue Springs School District Defendants," which includes the Blue Springs School District and all of their officials, agents, servants, and/or employees, actual or ostensible, whether specifically named herein or not, as well as the following named defendants who are sued in their

official and individual capacities: Defendants Paul Kinder, Kevin Grover, Brandon Martin, Debbie Curtis, Brett Lyon, Allison Spencer, Jim Breske, Judi Knipmeyer, Diane Severns, Mark Walkenhorst, Shelly White, and/or other Blue Springs School District agents acting in their official capacity whose names are unknown at this time, but who acted on behalf of the Blue Springs School District.

23.     Plaintiff is informed, and believes, that at all times mentioned herein, each of the named Blue Springs School District employees was the agent of some or all of the other Defendants, and in doing the acts and making the omissions alleged herein, was acting as an individual, and also acting within the course and scope of such agency and with the permission, authority, and/or ratification of each such co-defendant's action and/or inaction. Each Defendant is jointly and severally liable for all of the wrongs alleged herein that directly caused or contributed to cause Decedent's mental anguish and death. Moreover, the Blue Springs School District is liable for its employees' tortious conduct as alleged herein.

24.     Defendant John Doe 1 is an individual or person whose name and location are presently unknown, whose conduct may have been a proximate cause or contributing cause of the death of Decedent and damages to Plaintiff due to their/its negligence or other violation of duty to Plaintiff as set forth hereinafter in that John Doe 1 is meant to represent the father of one of the three children in the cafeteria that approached Decedent and told him to go kill himself.

25.     Defendant John Doe 2 is an individual or person whose name and location are presently unknown, whose conduct may have been a proximate cause or contributing cause of the death of Decedent and damages to Plaintiff due to their/its negligence or other violation of duty to Plaintiff as set forth hereinafter in that John Doe 2 is meant to represent the father of one of the three children in the cafeteria that approached Decedent and told him to go kill himself.

Electronically Filed - Jackson - Independence - May 19, 2017 - 10:01 PM

26.     Defendant John Doe 3 is an individual or person whose name and location are presently unknown, whose conduct may have been a proximate cause or contributing cause of the death of Decedent and damages to Plaintiff due to their/its negligence or other violation of duty to Plaintiff as set forth hereinafter in that John Doe 3 is meant to represent the father of one of the three children in the cafeteria that approached Decedent and told him to go kill himself.

27.     Defendant Jane Doe 1 is an individual or person whose name and location are presently unknown, whose conduct may have been a proximate cause or contributing cause of the death of Decedent and damages to Plaintiff due to their/its negligence or other violation of duty to Plaintiff as set forth hereinafter in that Jane Doe 1 is meant to represent the mother of one of the three children in the cafeteria that approached Decedent and told him to go kill himself.

28.     Defendant Jane Doe 2 is an individual or person whose name and location are presently unknown, whose conduct may have been a proximate cause or contributing cause of the death of Decedent and damages to Plaintiff due to their/its negligence or other violation of duty to Plaintiff as set forth hereinafter in that Jane Doe 2 is meant to represent the mother of one of the three children in the cafeteria that approached Decedent and told him to go kill himself.

29.     Defendant Jane Doe 3 is an individual or person whose name and location are presently unknown, whose conduct may have been a proximate cause or contributing cause of the death of Decedent and damages to Plaintiff due to their/its negligence or other violation of duty to Plaintiff as set forth hereinafter in that Jane Doe 3 is meant to represent the mother of one of the three children in the cafeteria that approached Decedent and told him to go kill himself.

30.     Defendant Marillac Center Inc. is a psychiatric hospital that provides inpatient treatment.

31.     Defendant Marillac Center Inc. was initially formed in Missouri with a Charter number of N00021210 even though it maintained a hospital in Kansas. Since the incidents referred

Electronically Filed - Jackson - Independence - May 19, 2017 - 10:01 PM

to herein it has merged with Cornerstones of Care, and can be served through its registered agent at the address set forth in the caption above. Defendant Marillac Center Inc. will hereinafter be referred to as Defendant Marillac.

32.     At all times relevant hereto, Defendant Marillac acted through its agents whether or not specifically named herein, including, but not limited to, Defendant Maggie Chiu, LMSW.

## Jurisdiction

33.     Jurisdiction is proper in this Court. This Court has personal jurisdiction over all resident parties. The Court has personal jurisdiction over Defendant Maggie Chiu because she purposefully availed herself to the State of Missouri by providing treatment to Decedent, and this cause of action arises out of that treatment.

## Venue

34.     Venue is proper in the Eastern portion of Jackson County because Decedent Ryker Lewis's death occurred east of the dividing line set forth in RSMo § 478.461, because it occurred within Blue Springs, Missouri.

## General Allegations

35.     Bullying took place at the Blue Springs Freshmen Center prior to May 20, 2014.

36.     Bullying is when someone repeatedly and on purpose says or does mean or hurtful things to another person who has a hard time defending himself or herself.

37.     Bullying can be verbal only or physical only or a combination.

38.     Bullying and playful teasing are not the same, and bullying is not simply kids being kids.

39.     Teasing usually involves two or more friends who act together in a way that seems fun to all the people involved, it often times goes both ways, and does not involve physically hurting others.

40.     Bullying usually involves two or more children who are not friends, there is often an imbalance of power, due to the difference in popularity, physical size, or the number of children teaming up to do the bullying in whatever form.

41.     The power imbalance referenced in the above paragraph may also involve differences in athletic, academic, social or economic status, or a difference in numbers, with multiple kids ganging up on one person.

42.     Bullying can be done face-to-face or behind someone's back, and can be physical or verbal.

43.     No one has the right to bully someone else.

44.     Anti-bullying policies, rules, regulations, and actions by school districts are important to the safety of all children and the public's welfare because every day there are children and teens who are terrified that they will be bullied again because there is a sense that no one is going to make it stop.

45.     Bullying directed towards children and teens directly cause the victim of bullying to be more likely to develop low self-esteem, anxiety, depression, suicidal thoughts/actions, and to also have physical ailments such as stomach aches and headaches, major depression, and suicidal thoughts.

46.     The effects of bullying can last far into the future, long after adulthood.

47.     It is a right for everyone to feel safe from bullying.

48.     Young people who bully others are at greater risk of being involved in crime and substance abuse during young adulthood.

49.     Bystanders and/or friends who witness bullying directed towards another are affected as well, particularly when they are friends with the victim of the bullying.

50.     Bystanders as well as victims of bullying often feel afraid of the bullying and feel powerless to change the situation.

51.     Decedent Ryker Lewis was born on November 21, 1998, and was 15 years of age at the time of his death on May 20, 2014.

52.     Ryker Lewis was a student in the Blue Springs School District for multiple years prior to his death.

53.     Missouri law requires parents to send their children to school at least until the age of 16.

54.     Decedent's residence within Blue Springs, Missouri, required him to attend Moreland Ridge and the Freshmen Center.

55.     The few school years prior to Decedent's death, Decedent and his best friend, Ethan Young, as well as some of their other friends, had experienced bullying at Moreland Ridge and the Blue Springs Freshmen Center that was generally complained of but ignored, and often met with the consequences of the victim of bullying being subjected to punishment and further bullying.

56.     Well before Ethan Young and Ryker Lewis took their own lives due to bullying, the Blue Springs Freshmen Center had a reputation that it was somewhere they could expect to be bullied because it was just the way it was there for the one year before you went to a different Blue Springs High School.

57.     No one has the right to bully.

58.     No one should expect to be bullied.

59.     No one should have to expect to be bullied.

60.     If bullying does happen in a school, it should never be acceptable to the School District or school officials, even if the victim is someone who may tend to agitate people or be

different from others, because schools and school officials do not have a choice or the discretion to accept bullying in the schools towards anyone by anyone.

61.　　Several of Decedent's friends had attempted suicide because of the bullying they were experiencing.

62.　　Perhaps his closest friend, Ethan Young, took his own life earlier in the school year.

63.　　There were many students, including Decedent, who felt that Ethan Young's death was related to the bullying he was experiencing as well as the inaction by anyone at school to apply anti-bullying departmental rules, regulations, policies, and laws in a way that ensures that all of our children are safe at school.

64.　　There were many students who tried to express this concern to the Blue Springs Defendants associated with the Freshmen Center, but the concern was ignored or refused to be received in any meaningful and reasonable way compared to the seriousness of the situation.

65.　　Decedent's parents felt like mentioning bullying to the Blue Springs Freshmen Center's school officials shortly after the time in which Decedent's best friend Ethan Young took his own life showed that the way the School responds to bullying is to call it something else or ignore claims of bullying all together unless you can provide a name, place, and time, which naturally lends itself to a school culture wherein a right to bully is developed as are the feelings of hopelessness in the victims of such bullying, which is not a reasonably safe environment for all of the students to learn and enjoy.

66.　　Decedent Ryker Lewis was failed by the Blue Springs Defendants in their response to Ethan Young's death, and complaints about bullying that followed Ethan's death that directly contributed to cause Decedent Ryker Lewis to take his own life.

67.　　The Blue Springs School District, by and through its officials, responded to talks about Ethan Young taking his own life because of the bullying that goes on in the school was re-

directed to talks about the appropriate grief cycle and death for the student's grief support but no one ever acknowledged or talked about bullying and its effects and potential to lead to the loss of life, including, but not limited to, Ethan Young's loss of life.

68.     The continuing pattern of conduct by the Blue Springs School District to ignore the bullying that was taking place prior to and after Decedent's best friend's death just made things worse for the victims of bullying.

69.     The attitude of Defendant Walkenhorst after Ethan Young's death towards Decedent needing accommodation for the emotional state he was left in was that he didn't have time for one student because he had 150 students, and this was after having it communicated to him by Defendant Breske, the counselor, to keep a special eye on Ryker.

70.     Decedent Ryker Lewis had taken special education/speech therapy courses through the School District for several years preceding his death.

71.     Decedent Ryker Lewis had a speech impediment that he was working to improve.

72.     Decedent Ryker Lewis also suffered from Attention Deficit Disorder and Major Clinical Depression.

73.     Decedent Ryker Lewis attended Moreland Ridge Middle School from the fall of 2010 through the spring of 2013.

74.     Decedent Ryker Lewis attended the Blue Springs Freshman Center from August 2013 up to the time of his death on May 20, 2014.

75.     Decedent Ryker Lewis and his friends experienced repeated bullying, harassment, and discrimination from students at Moreland Ridge Middle School and the Blue Springs Freshman Center that the Defendants directly caused, or contributed to cause, through their actions and inactions regarding bullying that was occurring within the Blue Springs School District, and such actions and inactions by Defendants in response to discussions regarding bullying created a

culture wherein bullying was a right, and, therefore, if you were a victim, there was nothing the School would do to make it stop.

76.     As a student within the Blue Springs School District, Decedent Ryker Lewis was the victim of, or a bystander to, repeated physical and/or verbal abuse and harassment by other students who targeted kids like him due to the differences in his speech, his popularity, his disabilities, his clothes, his intelligence, his athleticism, his financial status, his appearance, etc.

77.     Decedent Ryker Lewis and those similarly situated to Decedent were treated in a manner that directly caused, or contributed to cause, Decedent severe mental anguish.  Decedent was repeatedly called derogatory names and put in difficult, abusive, harassing, and humiliating situations that were physically and psychologically dangerous.

78.     The response from Defendant Blue Springs School District to Ryker Lewis's problems with other students facilitated and encouraged in both Ryker and his tormentors the false impression that Ryker was the problem because he was different, and that abusing and harassing him was acceptable behavior.

79.     At no time in his schooling within the Blue Springs School District did a teacher, or any other staff member, acknowledge to Decedent, or his parents, that bullying existed within the School District.

80.     At no time in his schooling within the Blue Springs School District did Ryker ever receive protection from the constant and ongoing abuse and harassment by his classmates.

81.     The Blue Springs School District through its officials, including, but not limited to, the ones named herein as Co-Defendants, conducted themselves in a manner that was in violation of anti-bullying departmental rules, regulations, standards, and laws when they treated complaints about bullying as if they were all just kids being kids or teasing problems, which placed their own judgment that bullying ought to be responded to or prevented through inaction or ignoring that it

is happening by refusing to meaningfully investigate is in direct violation of how the departmental rules, regulations, standards, and laws told them to act regardless of how they feel about those departmental rules, regulations, standards, and laws.

82.    Students, including Decedent, who experienced bullying felt hopeless and that there was nothing the school was going to do to prevent them from experiencing it again and again.

83.    Decedent and other students similarly situated to him were talked to by other students within the Blue Springs School District in a way that was intended to make Decedent and others feel humiliated, worthless, and less important than other people. The Blue Springs School Districts' actions and inactions furthered these feelings of hopelessness, humiliation, and feeling less important than other students in the school district.

84.    As a student at Moreland Ridge, Decedent was the victim of relentless bullying, which consisted of targeted, ongoing, severe emotional abuse, and harassment by fellow students coupled with school officials that failed to act even though they had a duty to take action, to report, to investigate, or to remediate the situation to ensure that all children's right to be safe at school was protected, and being subjected to the aforementioned feelings is not a safe learning environment.

85.    The Defendants' failure to act, as well as the refusal to acknowledge that bullying was occurring at any of its schools, was consistent with other instances that Decedent was aware of where victims of bullying complained about bullying, but no actions were taken to discourage it, and instead actions were often taken towards the bullying victim, or they were told just to ignore it, and these inactions amount to a failure to comply with the anti-bullying departmental rules, laws, and/or regulations, and such failures directly caused, or contributed to cause, the Decedent to think that it was a true fact that he was not as important as other students in the school, and there was not anything that anyone within the Blue Springs School District was willing to do to make it

stop, or even acknowledge that the failure to comply with anti-bullying departmental rules, laws, and/or regulations had been taking place for years prior to Decedent's death.

86. At the time of their actions and/or inactions, the Blue Springs School District Defendants had actual knowledge of ongoing and severe abuse suffered by Decedent and Decedent's friends, to which he was a bystander, from students who engaged in such bullying while under the custody and control of the Blue Springs School District, and that the abuse deprived its victims, including, but not limited to, Decedent and some of his fellow students, as it would any 14 to 15 year old child, their right to a safe education, their right to bodily integrity, and their right to be free from the harmful, long lasting, and sometimes fatal effects that are caused by bullying.

87. Decedent's mental health conditions were the target of bullying.

88. Decedent's friends were the target of repeated bullying to which he was a bystander of when he was not the target himself.

89. Decedent's friend who had taken his own life during Decedent's prior school year was the target of bullying from at least some of the students.

90. Decedent's speech impediment and intelligence were the target of bullying.

91. Decedent's athleticism was the target of bullying.

92. Decedent was told by more than one student on more than one occasion prior to and after he attempted suicide to "go ahead and kill himself," and often times it was when he was outnumbered, and at least three students would approach him to tell him to kill himself or taunt him in some other humiliating way.

93. The Blue Springs School District was aware that Decedent, as well as Decedent's friends, thought they were the victims of bullying but did nothing to meaningfully investigate the

bullying, and instead sent a message with their inactions that the way they were being treated was acceptable and that kids can be kids and handle their own problems.

94.    Decedent and his peers were not encouraged by the school administrator to report bullying to teachers, principals, or administrators instead of running away, and instead refused to even acknowledge any bullying was occurring within the School District.

95.    No investigation or actions were taken regarding reported bullying that led to Decedent's distraught emotional state, whether it be bullying done directly to him, or to his close friends, some of whom had attempted suicide, and his best friend who completed suicide due to bullying that was being accepted by the Blue Springs School District Defendants.

96.    The Blue Springs School District engaged in a continuous pattern of conduct that created a culture wherein bullying was acceptable in that complaints about bullying, or knowledge about bullying, in its school was met with nothing but inaction of the Blue Springs School District Defendants towards the bullies or with actions against the victim. The Blue Springs School District has engaged in this pattern of conduct for years prior to Decedent's death, and such conduct illustrates its deliberate indifference for the safety and well-being of all its students.

97.    Multiple parents and students prior to Decedent's death had repeatedly reported acts of bullying, sexual harassment, and discrimination to the Blue Springs School District.

98.    Despite the complaints of bullying, despite the behavior being exhibited by Decedent, despite the behavior that had been exhibited by students who also experienced bullying, despite the severe emotional harm inflicted on Decedent, and despite all their actual knowledge of bullying, at no time in Decedent's schooling did a teacher, or any other staff member, acknowledge to Decedent or his parents that any bullying relating to their son or his friends existed to any degree.

99.    Defendants all failed in their duty to protect and keep Decedent safe in their refusal to adhere to an anti-bullying policy requiring that certain actions be taken that were not taken, but

if they had been taken, such actions would have made a difference in the outcome for Decedent, and those that bullied him, and Decedent's death would not have occurred.

100. Instead of decreasing the number of incidences of bullying, bullying predictably increased during Decedent's last school year under the care and custody of the Blue Springs School District, because of its repeated and systematic failure to act or investigate even though it was required to take action and investigate and punish bullying regardless of whether in their opinion that was the proper thing to do in response to the bullying that had been brought to their attention.

101. Decedent reported feelings of humiliation and not wanting to live because of the bullying and harassment he was experiencing from students, particularly ones who were telling him to "go kill yourself."

102. The Blue Springs School District Defendants knew Decedent had attempted to take his own life on a prior occasion before successfully doing so on May 20, 2014, and knew it was because of bullying at the school.

103. The Blue Springs School District's response to Decedent's best friend's suicide earlier that same school year was also not in compliance with the anti-bullying policy or laws in Missouri, and such response directly caused, or contributed to cause, Decedent to eventually complete taking his own life in this case.

104. Decedent's parents' meeting with the Blue Springs School District, by and through its Officials, principal Brandon Martin and counselor Jim Breske, left them with the same impression they had heard from Ryker's friends, which was that complaints from kids about bullying went ignored as if bullying doesn't even exist within the school district.

105. Decedent was admitted for inpatient treatment at Marillac after an incomplete suicide attempt, an adolescent psychiatric hospital, wherein he indicated to Marillac staff that the source of his suicidal feelings stemmed from being bullied at school, and, more specifically, that

he was told to go kill himself, and it was for this reason the Decedent had made threats towards the other students, that they had finally broken him, too.

106.    After he was admitted and discharged from Marillac from inpatient treatment for a suicide attempt, Decedent returned to school at the Blue Springs Freshmen Center.

107.    Marillac communicated with the School regarding Ryker's comments while under inpatient treatment, including leaving multiple voicemails and talking to the school about bullying and Ryker's threats.

108.    The Thursday prior to his attempt at suicide, three children had approached him in the school cafeteria and said "kill yourself" to him. This was not the first time the bullies had taunted him in that humiliating manner.

109.    Teachers, counselors, and school administrators were made aware on multiple occasions that students were directing comments towards certain other students that included Decedent and others due to a difference in their mental health status, appearance, popularity, disability, intelligence, speech impediment, or hospitalizations, and that the manner that it was being done was to repeatedly humiliate, embarrass, intimidate and otherwise cause severe mental anguish upon other students, including, but not limited to, Decedent.

110.    Decedent was subjected to severe, pervasive, and persistent harassment, in the form of bullying that was so objectively offensive it rendered his educational environment abusive and hostile, which deprived Decedent of his right to equally access the educational opportunities and/or benefits provided by public schools.

111.    Staff administrators of Defendant Blue Springs School District's schools failed to properly respond to the severe, pervasive, and persistent harassing conduct of students, in violation of the School District's departmental rules against bullying. This failure of the Blue Springs School District caused the bullying to escalate.

112.  The actions and inactions of the Blue Springs School District Defendants in response to complaints of bullying, harassment, and discrimination illustrate a deliberate indifference to Decedent's right to equally access educational opportunities or benefits provided by the school, and to be free of a hostile and abusive educational environment.

113.  The Blue Springs School District Defendants' responses to complaints of bullying were to intentionally violate and fail to comply with its own departmental rules on bullying, state law, federal law, and regulations by not taking any action, or by taking grossly inadequate action, even though it knew or should have known that failing to take action or taking grossly inadequate action in light of the circumstances made known to them regarding bullying, harassment, and discrimination was not within their discretion, and such inaction would worsen the harm to the bullying victim.

114.  The Blue Springs School District Defendants had actual knowledge that its efforts to remediate bullying, sexual harassment, and discrimination were ineffective, however, it continued to use those same methods to no avail. Such actions and inactions show that the Blue Springs School District Defendants failed to act reasonably in light of the known circumstances, which caused Decedent further bullying, harassment, and/or discrimination.

115.  Plaintiff is of the information and belief that if there was review of the incident, then a record would be created through the ordinary course of such review which would include preserving any video footage of the incident in the cafeteria wherein Decedent was told to kill himself by a group of three other children.

116.  Plaintiff is of information and belief that no actions or reports were made by the Blue Springs School District Defendants regarding bullying issues they were being told about during the school year of and prior to that in which Decedent took his own life.

117. As a student at both Moreland Ridge Middle School and the Blue Springs Freshman Center, Decedent was a victim and bystander of relentless and repeated bullying, which consisted of targeted, ongoing, severe physical and emotional abuse, and harassment by his fellow students as set forth herein.

118. While on the Blue Springs School District campus, in the classrooms, in the halls, and in the lunchroom, students engaged in bullying behavior that they directed towards Decedent, or towards his friends, which he witnessed, as set forth above and below herein.

119. All of the allegations herein regarding bullying, harassment, and discrimination were known by the Blue Springs School District Defendants.

120. The acts of bullying, torment, and harassment directed at Decedent referenced above were known, or should have been known, to the Blue Springs School District Defendants named herein, as well as other unnamed agents, employees, and representatives of Defendant Blue Springs School District.

121. Decedent felt humiliated, ostracized or excluded, less important or subservient to others, and worthless when he was called names, and/or told to go kill himself like his best friend had been told to do, and eventually carried out, and other bullying acts as alleged herein, and when the Blue Springs School District Defendants did nothing it made things worse.

122. The Blue Springs School District Defendants are required, pursuant to RSMo § 160.261.1(24), which provides in part as follows, to treat severe harassment that causes emotional distress as a violation that requires discipline and action to be taken by the Blue Springs School District Defendants:

> . . . The policy shall at a minimum require school administrators to report, as soon as reasonably practical, to the appropriate law enforcement agency any of the following crimes, or any act which if committed by an adult would be one of the following crimes:

(24) Harassment under section 565.090. (A person commits the offense of harassment in the first degree if he or she, without good cause, engages in any act with the purpose to cause emotional distress to another person, and such act does cause such person to suffer emotional distress.)

123.    The Blue Springs School District Defendants did not have discretion as to whether or not a report should or should not be made to the appropriate law enforcement agency when the facts presented to them was that a person within their care, custody, and control was suffering emotional distress from bullying acts as more fully set forth herein that constitute harassment and other types of criminal conduct, including, but not limited to, the emotional distress Decedent was experiencing by the bullying regarding killing himself and the lack of School Officials standing up for Decedent and those similarly situated to Decedent at the School.

124.    The Missouri courts and legislature have acknowledged bullying as a form of harassment.

125.    Defendant Blue Springs School District, through its administrators, counselors, and teachers, specifically Paul Kinder, Kevin Grover, Debbie Curtis, Brandon Martin, Jim Breske, Mark Walkenhorst, Shelly White, Brett Lyon, Allison Spencer, Judi Knipmeyer, and Diane Severns, failed to follow the requirements of RSMo § 160.261.1(24) in failing to report the severe harassment suffered directly by Decedent, or as a bystander, when bullying was repeatedly being directed towards him or his group of friends.

126.    The acts alleged herein caused Decedent to not only suffer from the mental anguish described herein, but also caused him to fear for his safety, belongings, and well-being. Furthermore, a reasonable student, presented with experiences like those which Decedent experienced, would also suffer mental anguish and fear for their well-being when going to school because they knew they or a friend would be bullied and no school official would do anything to stop it, acknowledge it, or say it was wrong.

127.    Defendant Blue Springs School District was required pursuant to RSMo § 160.775

to have a policy regarding bullying.

128.    RSMo § 160.775 provides as follows:

1. Every district shall adopt an anti-bullying policy by September 1, 2007.

2. "Bullying" means intimidation or harassment that causes a reasonable student to fear for his or her physical safety or property. Bullying may consist of physical actions, including gestures, or oral, cyberbullying, electronic, or written communication, and any threat of retaliation for reporting of such acts.

3. Each district's anti-bullying policy shall be founded on the assumption that all students need a safe learning environment. Policies shall treat students equally and shall not contain specific lists of protected classes of students who are to receive special treatment. Policies may include age-appropriate differences for schools based on the grade levels at the school. Each such policy shall contain a statement of the consequences of bullying.

4. Each district's anti-bullying policy shall require district employees to report any instance of bullying of which the employee has firsthand knowledge. The district policy shall address training of employees in the requirements of the district policy.

129.    During the years that Decedent was repeatedly bullied, or repeatedly a bystander of

bullying, Defendant Blue Springs School District's anti-bullying policy, provided as follows:

Bullying is strictly prohibited. Bullying is defined as acts committed repeatedly and systematically with the intention to make, or which have the effect of making, another person feel intimidated, threatened, fearful or apprehensive for their safety, humiliated, degraded, ostracized or excluded, subservient to another person, less important, or unworthy because of physical appearance, socioeconomic status, academic ability, sexual identity, or other characteristic. Prohibited bullying acts include but are not limited to name calling, taunting, physical movements or aggression, social exclusion, teasing, pranks, gestures, physical attacks, demeaning comments, rumors, and ridicule. Acts of bullying may be committed verbally, non-verbally, physically, in writing, electronically by email or on the Internet, phone messages, text messages, or any other medium of communication or expression. A person violates this policy by willfully committing an act of bullying, or by knowingly participating in, aiding, assisting or encouraging any act of bullying. Students who believe they are victims of bullying should immediately report the incident(s) to a teacher, coach, counselor or administrator. (a) First Violation: Suspension for one hundred eighty (180) days or less or any other punishment the superintendent of schools deems appropriate. (b) Second Violation: Expulsion.

130.    The Blue Springs School District Defendants did not have any discretion that allowed them to ignore bullying and harassment complaints.

131.    The Blue Springs School District Defendants ignored complaints regarding bullying and harassment for two years leading up to Decedent's death in this case.

132.    The Blue Springs School District Defendants failed to follow the requirements of its anti-bullying policy which required suspension of students who bully, encourage bullying, or assist, and required expulsion for repeat offenders.

133.    The Blue Springs School District Defendants failed to follow the requirements of RSMo § 160.775, which required employees of the School District to report firsthand knowledge of bullying, and for the district to provide training to employees regarding the requirements of the district policy.

134.    The acts and omissions of Blue Springs School District Defendants complained of herein, were in violation of their departmentally mandated duties in that the training regarding harassment and/or bullying were the equivalent of orders from superiors as to required actions that must be taken when presented with a bullying problem in the school that is causing a student or students severe harm, including attempted and completed suicides.

135.    The departmental rules required meaningful action to be taken when students are bringing bullying problems such as those alleged in this Wrongful Death Petition to public employees' attention, including, but not limited to, the specifically named Blue Springs School District Defendants, and such actions were to be performed without regard to one's own judgment or opinion concerning the propriety of the act to be performed, yet none of the Defendants took any meaningful action, investigation, or remedial measure, which was not within their discretion to ignore given the facts presented, it was not up to them to simply decide that this was kids being kids, or it was not bullying but instead teasing.

136. In 2009, a case styled *Kimberly Myers, et al., vs. Blue Springs School District* was filed by Kimberly Myers and Randy Myers for the wrongful death of their son, Brandon Myers, which resulted from years of repeated bullying, the complaints of which resulted in no actions being taken, and ultimately contributed to Brandon Myers hanging himself to death.

137. Defendant Blue Springs School District was aware of the allegations made in the *Myers* case, because Defendant Blue Springs School District settled the *Myers* case in 2012.

138. As a part of the settlement in the *Myers* case, Defendant Blue Springs School District promised, or contracted with the Myers Plaintiffs, that it would provide additional training to administrators regarding bullying; it promised that it would hold an anti-bullying day each year; and, it promised that a suicide prevention program would be implemented throughout the School District.

139. Defendant Blue Springs School District either failed to provide the additional training to its administrators, or its administrators were trained regarding rules to follow when responding to complaints of bullying or how to recognize signs of bullying, but actually failed to follow the rules.

140. Defendant Blue Springs School District failed to timely take action to identify, punish, and rehabilitate the students who were engaging in the repeated bullying acts directed toward Decedent prior to his death, and instead took no meaningful action, but if such actions had been undertaken, they would have helped the well-being of the bullies and made a difference to Decedent's feelings of unimportance and worthlessness to the school district in that it would be clear that no one had a right to bully and no one had to accept being bullied in the Blue Springs School District.

141. Defendant Blue Springs School District failed to timely launch its anti-bullying day as it promised in its contract with the Myers Plaintiffs.

142.     Defendant Blue Springs School District failed to launch a suicide prevention program as it promised in its contract with the Myers Plaintiffs.

143.     If programs of any type were conducted, or if anti-bullying policy training was implemented after the settlement in the *Meyers* case, then they were not followed or reasonably conducted for the purpose of reducing and/or eliminating bullying, or suicides caused or contributed to be caused by bullying behavior.

144.     Defendant Blue Springs School District failed to follow up or test participants of any type of anti-bullying programs to check to see if there was any meaningful participation by faculty, staff, and administration, or its faculty, staff, and administration failed to comply with the non-discretionary policies and rules applicable to anti-bullying and suicide prevention within the Blue Springs School District.

145.     Defendant Blue Springs School District, by and through its officials, employees, and/or agents, failed to comply with or follow its own anti-bullying policies, and undertook a repeated response to complaints regarding bullying that was to do nothing in response to the bullying complaints, and to instead inform parents and bullying victims that bullying doesn't occur within the schools in the School District, and often times punishing victims of bullying when they resorted to behavior not normal for them, but done in an attempt to avoid further harm and anguish.

146.     The Blue Springs School District Defendants have engaged in a pattern of blaming and ignoring victims of bullying, which exacerbates the emotional distress caused to victims.

a.     An example of this occurred at Moreland Ridge Middle School's gym class during what gym teachers referred to as "free play," which did not involve organized physical activity for the students. A young male student was repeatedly hit with basketballs despite multiple requests to stop, but no teacher was present.

Electronically Filed - Jackson - Independence - May 19, 2017 - 10:01 PM

b.  The young male student who was being hit with the basketball threw the ball to the other end of the court, and the student that was hitting him with the ball got angry and stepped up to the young male student and put himself chest to chest with the young man.

c.  The young male student who was being hit with the basketballs told the student to get out of his face, the student refused, so he pushed the student to get distance at which point the student who had been hitting him with basketballs closed his fist and punched the student in his nose causing it to bleed, at which point the boy who had been punched in the nose and hit with basketballs, pushed the other student to the ground and stormed off to the bathroom to tend to his bloody nose. The only thing the teacher saw that was supposed to be supervising the free play was when the boy with the bloody nose pushed the other student down and walked away. The boy with the bloody nose who had been being hit with the basketballs was suspended from school and referred to the youth outreach program through the Blue Springs Police Department, where he was recommended to the diversion program for assault due to the physical altercation in the gym. During the intake process, the youth outreach officer determined that the young man was the victim of bullying, and did not belong in the group session. Instead, he completed his diversion requirements by sitting in the office with the youth outreach coordinator for mentoring and support.

d.  The student who had been hit with the basketballs that day had been bullied for years in the Blue Springs School District. He suffered from some mental health problems, including falling on the autistic spectrum, which was the source of such bullying and discrimination being directed towards him by bullies inside the school.

e.     The student who was bullied had just reported being harassed in the locker room prior to the day described above wherein he had to push away a boy after standing up for himself.

f.     When this student made it to the Freshman Center, things escalated, in that he reported being confronted and bullied in the halls and stairwells. He was pushed, punched, and had books knocked out of his hands in passing periods.

g.     During his sophomore year, he was required to take a mental break after asking to talk with the principal one day during school at which time he asked the principal if he could bring a gun to school. When asked why, he made up a false story regarding shooting club, and when confronted by the principal and his parents, he broke down crying, at which time he was taken for inpatient care at a psychiatric facility.

h.     The student who had been bullied in the basketball incident expressed thoughts of harming himself and was treated for several weeks before being referred for regular weekly counseling sessions. He was also referred for homebound schooling and spent the end of his sophomore year in the homebound program. His counselor and psychiatric support team identified the source of his distress and trauma to be a direct result of the challenges in the academic environment within Defendant Blue Springs School District's schools, as well as challenges with his peer group and challenges with the school's adherence to his 504 Plan.

147.   Upon information and belief, the Blue Springs School District Defendants failed to report harassing/bullying conduct by classmates of Decedent and/or bullying acts directed towards Decedent or Decedent's friends to Decedent's parents. Such failure to promptly report each incidence of harassing conduct to each classmate's parents was reckless and constitutes gross negligence on the part of the Blue Springs School District Defendants.

29

Electronically Filed - Jackson - Independence - May 19, 2017 - 10:01 PM

148.    The Blue Springs School District Defendants failed to promptly remove Decedent's bullies from the environment which not only enabled the harassment and bullying, but also served to encourage the bullying acts to continue to be directed towards Decedent on a repeated basis.

149.    The Blue Springs School District Defendants failed to adequately train its officials, agents, employees and/or administrators who failed to recognize potentially harassing and/or bullying behavior and to promptly report such conduct to an administrator on each occasion in which they would have firsthand knowledge if following their training regarding bullying.

150.    The Blue Springs School District Defendants failed to adequately discipline its staff when it knew, or should have known, about failures to report certain incidents of harassment and/or bullying.

151.    The Blue Springs School District Defendants failed to meaningfully investigate the reports of bullying to be able to respond sufficiently to the bullying reports.

152.    The deliberate indifference of the Blue Springs School District Defendants to Decedent's and his similarly situated friends' reports of bullying had the effect of creating an intimidating, hostile, and offensive educational environment which caused, or contributed to cause, Decedent increasing mental anguish, as it would for any adolescent, and eventually caused, or contributed as a factor in causing, him to take his own life.

153.    Defendant Blue Springs School District does not have sovereign immunity for claims that it has an insurance policy that provides coverage for said claims. Defendant Blue Springs School District purchased a liability insurance policy that was in effect at all times relevant hereto that provides insurance coverage for:

  a.    The negligence of the School District's officials as set forth in the Counts herein, even if determined that they negligently carried out their discretionary duties as

opposed to ministerial duties. It also provides coverage for the School District's negligence and violations of state laws, federal laws, and regulations.

        b.      At all times relevant hereto, there was an insurance policy and/or policies in force and in effect that provides coverage of liability for the tort claims and damages set forth against the Blue Springs School District Defendants in this Wrongful Death Petition.

154.    The Blue Springs School District Defendants' response to complaints regarding acts of bullying and/or harassment was to systematically and repeatedly fail to discourage the harassing and/or bullying acts, repeatedly fail to acknowledge that the bullying acts were occurring, repeatedly fail to perform any meaningful investigation or take any meaningful actions after hearing the complaints, repeatedly act in a manner that discourages victims of bullying and harassment from complaining again, repeatedly act in a manner that blames the victims of bullying and harassment, which said repeated and systematic responses from the Blue Springs School District Defendants regarding complaints of bullying and/or harassment had the reasonably foreseeable and/or probable consequences of encouraging the bad actors to keep engaging in such bullying and/or harassing acts, and in, but not limited to, Decedent's case, the Blue Springs School District Defendants' systematic and repeated failure to act as required by their departmental rules, regulations, and statutes in response to complaints of and/or firsthand knowledge of bullying and/or harassment resulted in an increase in the frequency and intensity of the bullying and harassing acts directed towards Decedent, which such acts and/or failures to act by the Blue Springs School District Defendants in response to complaints regarding bullying and/or harassment in its schools which violated their own policy, state law and federal law, and such violations caused, or contributed to cause, Decedent's death in this case.

155.    The Blue Springs School District Defendants' actions and inactions in failing to protect Decedent from the harassment and bullying alleged herein are responsible for denying him

his right to the full and equal use and enjoyment of the public school and its services, specifically, they failed to comply with Missouri Revised Statute § 213.065, which prohibits harassment directed at a disability in public accommodations.

156.    The plain language of § 213.065 prohibits discrimination based on any type of disability because it is unlawful for "any person, directly or indirectly, to . . . deny any other person . . . any of the accommodations, advantages, facilities, services, or privileges made available in a place of public accommodation, or to . . . discriminate against any such person in the use thereof on the grounds of sex, disability, and other listed classes."

157.    The plain language of § 213.065 prohibits a person from "directly or indirectly" denying another person any of the benefits of a public accommodation.

158.    The plain language of § 213.065 not only sets forth liability for those who personally engage in the discriminatory acts that result in the denial of a student's right to full and equal use and enjoyment of the advantages, facilities, services, and privileges of public schools, but it also prohibits a person from "indirectly" denying the benefits of a public accommodation, and as a result sets forth liability for a party who does not personally engage in the discriminatory acts, but who is responsible for the denial of the advantages, facilities, services, or privileges of a public accommodation that results from another's discriminatory acts.

159.    The Blue Springs School District Defendants' failure to take prompt and effective remedial action in response to the discriminatory acts of bullying more fully set forth herein and/or harassment based on a disability more fully set forth herein denied Decedent, an aggrieved student, the full and equal use and enjoyment of the advantages, facilities, services, and privileges of public school, which in turn worsened his depression and suicidal thoughts, and such failures in the Blue Springs School District's actions and omissions were in violation of § 213.065, and caused, or contributed to cause, Decedent's death.

Electronically Filed - Jackson - Independence - May 19, 2017 - 10:01 PM

160.    The Blue Springs School District Defendants' actions and inactions as alleged herein violated ministerial duties they owed to Decedent when they violated departmentally mandated duties, duties imposed by statute, and duties imposed by regulation with respect to acts of bullying, sexual harassment, and/or discrimination directed towards its students by other students on school property or the school bus, as alleged elsewhere herein, and incorporated into this paragraph as if fully stated, which directly caused severe emotional and physical injury to be inflicted upon Decedent, as well as directly contributing to cause Decedent's death.

161.    The Blue Springs School District Defendants were all directly involved in the failures alleged herein which were in violation of departmental rules, orders, regulations and state and federal statutes.

162.    The wrongful actions and inactions alleged herein of all Defendants each, alone, or in some combination thereof, directly caused, or contributed to cause, Decedent's death, and preceding his death, contributed to cause his severe mental anguish.

163.    Each of the Defendants committed one or more of the grossly negligent, willful, wanton, reckless, and malicious acts as alleged in this Wrongful Death Petition for Damages, which individually and/or cumulatively justify the award of punitive damages and/or aggravated circumstances damages in this case against each of the Defendants named herein.

164.    The willful, wanton, reckless, and malicious acts of Defendants, as alleged in this Wrongful Death Petition for Damages, illustrate each of the Defendants complete indifference to, and/or conscious disregard for, Decedent's safety, and the safety of others similarly situated, justifying the submission of punitive damages and/or aggravated circumstances damages in this case.

165.    Plaintiff's Decedent and Plaintiff have exhausted any applicable administrative remedies.

166.    The Blue Springs School District at its various schools, including, but not limited to, Moreland Ridge Middle School and the Freshmen Center, created an Individual Education Plan for Decedent as a result of his disabilities.

## COUNT I

## <u>VIOLATIONS OF MINISTERIAL DUTIES</u>

**(Plaintiff v. Blue Springs School District, Paul Kinder, Brandon Martin, Jim Breske, Mark Walkenhorst, Shelly White, Diane Severns, Debbie Curtis, Brett Lyon, Allison Spencer, and Judi Knipmeyer,)**

**COMES NOW** Plaintiff, and for Count I of her cause of action against Defendants, states, alleges, and avers as follows.

167.    Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 166 of this Wrongful Death Petition for Damages, as though fully set forth herein.

168.    Public employees are not immune from liability for harm caused, or contributed to be caused, by violations of their departmentally mandated duty, duty imposed by statute, or duty imposed by regulation.

169.    Departmentally mandated duties may arise from sources other than statutes or regulations which include, but are not limited to, internal policies, rules, including training materials used to show what actions can and cannot be taken when presented with certain facts, orders from a superior, and in other ways that show that the employee is required to act in a certain way without regard to his or her own judgment or opinion concerning the propriety of the act to be performed.

170.    As set forth with sufficient specificity in the paragraphs above and below, each of the Blue Springs School District Defendants' actions and inactions alone or together constituted violations of departmentally mandated rules, duties imposed by statute, or duties imposed by regulations, in that:

a.    The Blue Springs School District Defendants failed to comply or act as required by the Blue Springs School District's anti-bullying policy;

b.    The Blue Springs School District Defendants failed to comply or act as required by the Blue Springs School District's anti-sexual harassment policy;

c.    The Blue Springs School District Defendants failed to comply or act as required by the Blue Springs School District's anti-discrimination policy;

d.    The Blue Springs School District Defendants' actions and inactions in response to repeated complaints and knowledge of bullying, harassment, and discrimination directed towards Decedent illustrate a complete failure to comply with the following Missouri and Federal statutes: 60.261.1, 160.775, 213.065, TITLE IX, 42 U.S.C. section 1983, Missouri Human Rights Act, Section 504 of the Rehabilitation Act.

e.    The Blue Springs School District Defendants' actions and inactions constitute violations of regulations regarding Anti-Bullying, Sexual Harassment, Discrimination, and Suicide Prevention;

f.    The Blue Springs School District Defendants, by and through their actions and inactions as alleged above and below herein in this Wrongful Death Petition, violated other departmentally mandated duties, statutory duties, or regulations unknown at this time but will be discovered and developed with the evidence in the case;

171.  The Blue Springs School District Defendants' actions and inactions, as more specifically alleged herein, that constitute violations of their ministerial function and/or duty, directly caused or contributed to cause Decedent's death, as well as the severe mental anguish, he was caused to suffer prior to his death.

172.  While a student in the Defendant's School District, Decedent was under the custody, care, and control of the Blue Springs School District.

173. The Blue Springs School District exercises significant control over its students through its disciplinary policy.

174. There were multiple students who repeatedly acted with the intention of making Decedent feel intimidated, threatened, fearful, or apprehensive for his safety, humiliated, degraded, ostracized or excluded, subservient to other people, less important, or unworthy because of Decedent's physical appearance, socioeconomic status, intelligence, sexual identity, or other characteristic.

175. There were multiple students allowed to engage in pervasive name calling towards Decedent.

176. Multiple students taunted, made physical movements or aggression, participated in active social exclusion, verbal teasing, pranks, gestures, physical attacks, demeaning comments, rumors, and/or ridiculed, or otherwise encouraged or assisted in the above-stated acts of bullying.

177. At the time of, and leading up to, Decedent's death, the Blue Springs School District Defendants knew that readily identifiable students within their custody and control were engaging in numerous acts that constituted bullying under their anti-bullying policy.

178. The Blue Springs School District Defendants' response towards, and/or in response to, complaints regarding acts of bullying was to systematically and repeatedly fail to discourage the bullying acts, fail to acknowledge that the bullying acts were occurring, and to repeatedly fail to perform any real investigation into the complaints being made regarding the acts of bullying occurring at its school, which said repeated and systematic response from Defendant School District regarding complaints of bullying had the reasonably foreseeable consequences of encouraging the bad actors to keep engaging in such bullying acts, and in, but not limited to, Decedent's case, Defendant Blue Springs School District's systematic and repeated response to complaints of bullying resulted in an increase in the frequency and intensity of the bullying acts

directed towards Decedent, which such acts and/or failures of Defendant Blue Springs School District in its response to complaints regarding bullying in its schools ultimately caused, or, contributed to cause Decedent's death.

179. Defendant Blue Springs School District failed to protect Decedent from his abusers, or to ever discipline, or ever discourage, the acts of bullying that were directed towards Decedent.

180. As a result of the untimely death of Decedent, Plaintiffs have been, and in the future will be, deprived of services, support, maintenance, guidance, companionship, comfort, and each has sustained other wrongful death damages. Plaintiffs have also incurred burial and other expenses as a direct result of Decedent's death.

181. By reason of the foregoing, Plaintiff Becky Lewis, having been damaged, is entitled to fair and reasonable compensation for the wrongful death of Decedent, as well as damages sustained by Decedent prior to his death for which he could recover if he were to have lived.

182. Defendants' conduct which caused this damage showed a complete indifference to, and/or a conscious disregard for, the health and safety of Decedent, and other people similarly situated, justifying the imposition of aggravated damages.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter an order granting judgment against Defendants, jointly and severally, for compensatory damages in a sum which is fair and reasonable and in excess of $9,000,000.00, together with her costs herein expended, for aggravated circumstances damages in such a sum as will punish Defendants, and deter them from like conduct in the future, plus prejudgment and post-judgment interest at the legal rate, and for such other and further relief as the Court deems just and proper.

# COUNT II

## BREACH OF CONTRACT

### (Plaintiff v. Blue Springs School District)

**COMES NOW** Plaintiff, and for Count II of her cause of action against Defendant, states, alleges, and avers as follows.

183. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 182 of this Wrongful Death Petition for Damages, as though fully set forth herein.

184. Terms of the settlement agreement clearly and directly express an intent to benefit an identifiable person or class of persons, and constitutes a contract.

185. The Blue Springs School District promised to assume a direct obligation to the intended third-party beneficiaries of the settlement agreement, including, but not limited to, Decedent. Such obligations rendered Decedent a primary third-party beneficiary.

186. In Missouri, a covenant of good faith and fair dealing is implied in every contract.

187. The Blue Springs School District, acting by and through its agents, servants, and/or employees, actual or ostensible, whether specifically named herein or not, including, but not limited to, the Blue Springs School District Defendants, broke their promises intended to benefit students similarly situated to Decedent.

188. The Blue Springs School District's broken promises amount to material breaches of the duties they promised to fulfill which were intended to benefit students being bullied or at risk for bullying.

189. The Blue Springs School District's material breach caused damages to Decedent and Plaintiff Becky Lewis in that such breaches caused, or contributed to cause, Ryker's death.

190. Defendant Blue Springs School District expressly and impliedly waived its sovereign immunity by entering into the contract intended to benefit its students, including Decedent.

191. Defendant Blue Springs School District further waived its sovereign immunity because it purchased insurance that provides coverage to it for this count.

192. Immunity does not prevent Plaintiff's claims because the officials breached ministerial duties, not discretionary duties, towards Decedent and those similarly situated to him.

193. As a direct and proximate result of the injuries to and death of Decedent, Plaintiff was required to expend, incur, and become indebted for medical and funeral expenses.

194. Further, Plaintiff's and Decedent's family have forever lost the love, services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of Decedent, together with all damages that Decedent sustained before his death and for which he would have been entitled to recover had he lived.

195. Plaintiff has incurred and is entitled to receive her attorneys' fees in this action.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter an order granting judgment against Defendants, jointly and severally, for compensatory damages in a sum which is fair and reasonable and in excess of $9,000,000.00, for attorneys' fees, together with her costs herein expended, for aggravated circumstances damages in such a sum as will punish Defendants, and deter them from like conduct in the future, plus prejudgment and post-judgment interest at the legal rate, and for such other and further relief as the Court deems just and proper.

### COUNT III
### DISCRIMINATION IN PUBLIC ACCOMODATIONS
#### (Plaintiff v. Blue Springs School District Defendants)

**COMES NOW** Plaintiff, and for Count III of her cause of action against Defendants, states, alleges, and avers as follows.

196. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 195 of this Wrongful Death Petition for Damages, as though fully set forth herein.

197. Missouri Revised Statute § 213.065 prohibited discrimination in any place of public accommodation, which the Blue Springs School District Schools are places of public accommodation.

198. Missouri Revised Statute § 213.065 encompasses discrimination based on harassment and conduct that amounts to bullying.

199. Missouri Revised Statute § 213. 065 imposes liability directly and indirectly, and as such it imposes liability on those officials who are responsible for the denial of equal access to the enjoyment of the public accommodation.

200. The Blue Springs School District Defendants exercise significant control over its students through its disciplinary policy.

201. Decedent is a adolescent male.

202. Decedent was subjected to unwelcome cruel and inhumane harassment.

203. Decedent's speech impediment, perceived intelligence, and popularity were a contributing factor in the harassment/bullying.

204. Decedent was also subjected to harassment/bullying due to a mental disability.

205. The School District knew, or should have known, of the harassment, but failed to take prompt and effective remedial action.

206. As alleged more fully herein, the Blue Springs School District Defendants' failure to take prompt and effective remedial action in response to complaints of repeated bullying of Decedent and his similarly situated peers denied Decedent the full and equal use and enjoyment

of the advantages, facilities, services, and privileges of public schools, in that it turned his environment into one that was abusive, hostile, and not safe for his well-being.

207. The Blue Springs School District Defendants' failures to take prompt and effective remedial measures contributed to cause Decedent to suffer further bullying that directly caused, or contributed to cause, him to suffer from the severe mental torment that ultimately led to his death.

208. As a direct and proximate result of Decedent's wrongful death, Plaintiff was required to expend, incur, and become indebted for medical and funeral expenses only to have forever lost the love, services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support that Decedent's life did in fact provide his family and himself, together with all damages that Decedent sustained before his death and for which he would have been entitled to recover had he lived.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter an order granting judgment against Defendants, jointly and severally, for compensatory damages in a sum which is fair and reasonable and in excess of $9,000,000.00, together with her costs herein expended, for aggravated circumstances damages in such a sum as will punish Defendants, and deter them from like conduct in the future, plus prejudgment and post-judgment interest at the legal rate, and for such other and further relief as the Court deems just and proper.

**COUNT IV**

**WRONGFUL DEATH – NEGLIGENCE**

**(Plaintiff v. Blue Springs School District)**

**COMES NOW** Plaintiff, and for Count IV of her cause of action against Defendants, states, alleges, and avers as follows.

209. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 208 of this Wrongful Death Petition for Damages, as though fully set forth herein.

210.    While a student in the Blue Springs School District, Decedent was under the custody, care and control of the School District.

211.    School districts exercise significant control over their students through their disciplinary policy.

212.    There were multiple students who repeatedly acted with the intention of making Decedent feel intimidated, threatened, fearful, or apprehensive for his safety, humiliated, degraded, ostracized or excluded, subservient to other people, less important, or unworthy because of Decedent's speech impediment, physical appearance, socioeconomic status, intelligence, sexual identity, or other characteristic.

213.    There were multiple students allowed to repeatedly engaged in name calling towards Decedent and Decedent's friends during the school year prior to and of Decedent's death.

214.    Multiple students at one time often taunted, made physical movements or aggression, participated in verbal teasing, gestures, demeaning comments, such as "kill yourself" or otherwise encouraged or assisted in the above-stated acts of bullying.

215.    At the time of, and leading up to, Decedent's death, the Blue Springs School District Defendants knew students within its custody and control were engaging in bullying behavior as it is explained in its own anti-bullying policy.

216.    The Blue Springs School District's response towards and/or in response to complaints regarding acts of bullying was to systematically and repeatedly fail to discourage the bullying acts, fail to acknowledge that the bullying acts were even occurring, and to repeatedly fail to perform any real investigation into the complaints being made regarding the acts of bullying occurring at its schools to perhaps always possess plausible deniability, however, said repeated and systematic response from the Blue Springs School District had the reasonably foreseeable consequences of encouraging the bad actors to keep engaging in such bullying acts and to make

the victims of such bullying feel hopeless or deserving of the treatment because they were worthless or different than the kids doing the bullying. In other words, its years of acquiesce to this type of ugly conduct created a culture where a right to bully existed.

217.    Decedent was owed an environment wherein he would not have to worry about being directly bullied or being the bystander of bullying.

218.    Defendant Blue Springs School District failed to protect Decedent from his abusers, or to discipline, or otherwise discourage the acts of bullying that were directed towards Decedent.

219.    Defendant Blue Springs School District knew, or should have known, that a culture of bullying existed within its schools, in that it knew, or should have known but chose to ignore, the following, even though it did not have the discretion to do so, which illustrates a systematic pattern to violate the anti-bullying policy because they used their own judgment as to the proper response as opposed to their ministerial duty:

       a.    That Decedent and his friends were the victims of daily abuse, harassment, and torment by classmates at Defendant Blue Springs School District's schools for the year prior to and of his death;

       b.    That the Blue Springs School District repeatedly was complained to about the bullying problems for years leading up to Decedent's death, by students and parents;

       c.    That the Blue Springs School District knew of bullying problems that were so severe and pervasive towards its students' mental development and health that students were having suicidal thoughts, making threats, attempting suicide, some completing suicide, and the Blue Spring School District's inaction and acquiescence was a factor in said attempts and completions of suicide;

       d.    That in the Fall of 2005, a female Blue Springs High School student had been assaulted by a group of bullies, leading to felony charges;

e.     The student referred to in the subparagraph above had been told by the School that the incident simply did not happen, or it did not have enough information to pursue any discipline towards said students;

f.     That from the Fall of 2001 until February 2007, a male Blue Springs School District student was the victim of the School District's bullying problem that both the student and his parents had reported, but that was not meaningfully investigated or investigated to any degree by the Blue Springs School District, otherwise such bullying would have been appropriately discouraged, and documented after said investigation as required to provide all students with a safe learning environment. Such failures only served to encourage the bullies to direct more acts towards the victim and condoned a culture wherein there was a thought that it was ok to bully, which eventually the student committed suicide as a result of this repeated bullying;

g.     Brandon Myers committed suicide by hanging himself as a result of bullying he experienced within the Blue Springs School District, to which a settlement of the claims made by Brandon Myers' parents was made with the School District that included promises years before Decedent's death in this case that anti-bullying training would be provided, a day attributed as well as an anti-suicide program; and

h.     Other instances of bullying that will be discovered through discovery and the evidence, including other evidence of completed suicides related to bullying, and incidents where a student tried but failed to complete suicide due to bullying and the school found no bullying in any of them, and failed to take any meaningful action.

220.     At all times in which Decedent was a student in the School District, the Blue Springs School District Defendants had a duty to possess and use the same degree of care ordinarily used by reasonable and/or careful school districts to properly supervise its students and to protect

them from foreseeable and unreasonable risks of harm posed by students under the School District's custody and control.

221. Blue Springs School District made a promise to a family left behind by someone who completed suicide that it would provide additional training to prevent bullying and suicide in the School District. Defendant Blue Springs School District failed in its duty to properly supervise its students and to intervene effectively to stop the abuse Decedent and his friends were suffering at the hands of other students by:

a. Negligently and carelessly failing to monitor the classrooms, lunchrooms, hallways, locker rooms, school busses, and the school campus for physical and verbal abuse;

b. Negligently and carelessly failing to timely recognize the severity of the abuse against Decedent and his friends;

c. Negligently and carelessly failing to properly address the abuse against Decedent and his friends;

d. Negligently and carelessly failing to ensure that Decedent was put in a safe learning environment;

e. Negligently and carelessly failing to supervise the students who were abusing Decedent and his friends;

f. Negligently and carelessly failing to comply with Moreland Ridge Middle School's, Blue Springs Freshman Center's, and the School District's own bullying policy, as well as its harassment and/or assault policies;

g. Negligently and carelessly failing to discipline or otherwise discourage the behavior of students who were physically and verbally abusing Decedent and his friends;

h.     Negligently and carelessly affirmatively promoting the idea that Decedent and his friends were not being treated in any way that they wanted to correct or discourage to any degree, and that such complaints did not even warrant an investigation;

i.     Negligently and carelessly ignoring Decedent's, and similarly situated student's, pleas for aid against abusers;

j.     Negligently and carelessly committing acts and omissions that encouraged continual acts of bullying to take place against Decedent;

k.     Negligently and carelessly contributing to cause Decedent's emotional collapse by punishing Decedent for some of his defensive behavior that he engaged in in an attempt to avoid further degradation, exclusion, humiliation, intimidation, and other emotionally harmful feelings caused, or contributed to be caused, by repeated and systematic acts of bullying that were encouraged through inaction by the Blue Springs School District Defendants by standing up for himself when no one else would, albeit in an immature form, but Decedent was a 15 year old boy with a less than fully developed brain;

l.     Negligently and carelessly ignoring the pleas of concerned parents and others to address the bullying problems;

m.     Negligently and carelessly failing to comply with anti-bullying measures that were in place that required meaningful actions to take place that did not take place, even though such measures have been successfully implemented in other schools across the United States and the world; and

n.     Negligently and carelessly committing other acts and omissions as yet unknown to Plaintiff, but will be revealed during the discovery and development of evidence in this case.

222.    Decedent and Plaintiff were intended beneficiaries and persons that were to be protected by the measures that the School District promised it would undertake to fulfill as set forth in the *Myers* settlement agreement.

223.    Decedent was in the class of persons intended to be protected by the actions Defendant Blue Springs School District promised it would take in response to a prior student who had been repeatedly bullied and ignored by the school officials that eventually hung himself. Decedent's friend, Ethan Young, completed suicide in the same fashion earlier that school year. Decedent took his own life in this case after being repeatedly bullied in an environment wherein it was tolerated and accepted by the Blue Springs School District Defendants.

224.    Decedent suffered medically significant and diagnosable emotional distress as a direct and proximate result of the Blue Springs School District Defendants' negligent and careless acts and omissions.

225.    As a direct and proximate result of the Blue Springs School District Defendants' negligence and carelessness, Decedent is dead, and prior to his death he suffered from severe mental anguish that was caused or contributed to be caused by the Blue Spring School District Defendants' negligent acts and omissions as stated more fully herein, and which violations were ministerial in nature. The Blue Springs School District is vicariously liable for its employees' negligence.

226.    As a result of Decedent's death, Decedent has incurred necessary and reasonable medical expenses, suffered physical pain and mental anguish, experienced other economic hardships, and eventually lost his life, all as a direct and proximate result of Defendants' negligence.

227.    Because of the untimely death of Decedent, Plaintiff has been, and in the future will be, deprived of services, support, maintenance, guidance, companionship, comfort, and has

Electronically Filed - Jackson - Independence - May 19, 2017 - 10:01 PM

sustained other wrongful death damages. Plaintiff has also incurred burial and other expenses as a direct result of Decedent's death.

228. Defendants' conduct which caused this damage showed complete indifference to and/or conscious disregard for the health and safety of Decedent and other people similarly situated, justifying the imposition of punitive damages.

229. As a direct and proximate result of the injuries to and death of Decedent, Plaintiff was required to expend, incur, and become indebted for medical and funeral expenses.

230. Further, Plaintiff's and Decedent's family have forever lost the love, services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of Decedent, together with all damages that Decedent sustained before his death and for which he would have been entitled to recover had he lived.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter an order granting judgment against Defendants, jointly and severally, for compensatory damages in a sum which is fair and reasonable and in excess of $9,000,000.00, together with her costs herein expended, for aggravated circumstances damages in such a sum as will punish Defendants, and deter them from like conduct in the future, plus prejudgment and post-judgment interest at the legal rate, and for such other and further relief as the Court deems just and proper.

## COUNT V
## <u>NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS</u>
### (Plaintiff v. Blue Springs School District)

**COMES NOW** Plaintiff, and for Count V of her cause of action against Defendants, states, alleges, and avers as follows.

231. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 230 of this Wrongful Death Petition for Damages, as though fully set forth herein.

232. Defendant Blue Springs School District breached duties owed to Decedent, as alleged in Counts I-IV.

233. Defendant Blue Springs School District committed negligence and tortious acts against Decedent, as alleged in Counts I-IV.

234. At the time of its negligent acts and omissions, Defendant Blue Springs School District should have known that continuous abuse by classmates causes victims to suffer from one or more of the following: lack of motivation at school, increased absenteeism, eating disorders, chronic anxiety, depression, psychiatric problems, and suicidal tendencies, this suffering becomes worsened through the inaction by those served to protect the schools' children.

235. Decedent suffered medically significant and diagnosable emotional distress as a direct and proximate result of the Blue Springs School District's negligent and careless acts and omissions.

236. Decedent suffered physical pain and mental anguish, and eventually lost his life, Defendant Blue Springs School District's negligence caused, or contributed to cause, such harm and death.

237. Defendant's conduct which caused, or contributed to cause, Decedent's death showed a complete indifference to, and/or a conscious disregard for, the health and safety of Decedent and others similarly situated to him, justifying the imposition of punitive damages.

238. As a direct and proximate result of the injuries to and death of Decedent, Plaintiff was required to expend, incur, and become indebted for medical and funeral expenses.

239. Further, Plaintiff's and Decedent's family have forever lost the love, services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of Decedent, together with all damages that Decedent sustained before his death and for which he would have been entitled to recover had he lived.

49

**WHEREFORE,** Plaintiff respectfully requests this Court enter an order granting judgment against Defendants, jointly and severally, for compensatory damages in a sum which is fair and reasonable and in excess of $9,000,000.00, together with her costs herein expended, for aggravated circumstances damages in such a sum as will punish Defendants, and deter them from like conduct in the future, plus prejudgment and post-judgment interest at the legal rate, and for such other and further relief as the Court deems just and proper.

## COUNT VI
### WRONGFUL DEATH – NEGLIGENCE
**(Plaintiffs v. Paul Kinder, Kevin Grover, Debbie Curtis, Brett Lyon, Allison Spencer, Judi Knipmeyer, Jim Breske, Mark Walkenhorst, Brandon Martin, and Diane Severns)**

**COMES NOW** Plaintiff, and for Count VI of her cause of action against Defendants, states, alleges, and avers as follows.

240.    Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 239 of this Wrongful Death Petition for Damages, as though fully set forth herein.

241.    At all times relevant herein Defendant Paul Kinder was Superintendent of the Blue Springs School District while Decedent was a student in the Blue Springs School District.

242.    As Superintendent of the School District, Defendant Paul Kinder had a duty to possess and use that degree of skill and care ordinarily used by reasonable and/or careful superintendents to protect students, including Decedent, from unreasonable risk of harm, including to act as required by the anti-bullying policy, state and federal laws, or regulations.

243.    As Decedent's Principal, Kevin Grover had a duty to possess and use that degree of skill and care ordinarily used by reasonable and/or careful principals to protect Decedent from unreasonable risk of harm.

244.    As Decedent's Principal, Brandon Martin, had a duty to posses and use that degree of skill and care ordinarily used by reasonable and/or careful principals to protect Decedent from unreasonable risk of harm;

245.    As Decedent's Principal, Debbie Curtis had a duty to possess and use that degree of skill and care ordinarily used by reasonable and/or careful principals to protect Decedent from unreasonable risk of harm.

246.    As Decedent's Assistant Principal, Brett Lyon had a duty to possess and use that degree of skill and care ordinarily used by reasonable and/or careful vice principals to protect Ethan from unreasonable risk of harm.

247.    As Decedent's Assistant Principal, Allison Spencer had a duty to possess and use that degree of skill and care ordinarily used by reasonable and/or careful vice principals to protect Decedent from unreasonable risk of harm.

248.    As Decedent's 504 Coordinator of the Freshmen Center, Diane Severns had a duty to possess and use that degree of skill and care ordinarily used by a reasonable and/or careful 504 Coordinator to protect Decedent from unreasonable risk of harm.

249.    As Decedent's counselor and 504 Coordinators, Judi Knipmeyer had a duty to possess and use that degree of skill and care ordinarily used by reasonable and/or careful counselors and 504 Coordinators to protect Decedent from unreasonable risk of harm.

250.    As Decedent's teacher, Mark Walkenhorst had a duty to possess and use that degree of skill and care ordinarily used by reasonable and/or careful teachers to protect Decedent from unreasonable risk of harm.

251.    As Decedent's teacher, Shelly White had a duty to possess and use that degree of skill and care ordinarily used by reasonable and/or careful teachers to protect Decedent from unreasonable risk of harm.

252.    At the time of, and leading up to, Decedent death, the Blue Springs School District Defendants should have known, that a culture of bullying existed within the Blue Springs School District schools, to wit:

a.    Decedent and his friends were a victim of repeated abuse, harassment, and torment by other students within the Blue Springs School District's schools for the year prior to and the year of his death;

b.    Instances of bullying, torment, and abuse towards Decedent and/or his friends to which he was a bystander were made known to the Blue Springs School District Defendants, but eventually they stopped bothering to do so after being discouraged from reporting further bullying knowing that the School had already failed to take any action to help them;

c.    Decedent's parents routinely met with school officials and sent e-mails and had conferences with school officials discussing Decedent's behavior, and particularly in regards to how Ethan Young's death was handled, but any discussions regarding bullying being related to Ethan Young's death were not welcomed by the School Officials;

d.    Concerned students, and the parents of other students within the Blue Springs School District repeatedly complained about bullying acts;

e.    In the Fall of 2005, a female Blue Springs High School student was assaulted by a group of bullies, leading to felony charges and eventual admissions, yet when the complaint was raised at school it was determined that such incidents did not happen;

f.    In 2009, the case of *Kimberly Myers, et al., vs. Blue Springs School District* was filed by Kimberly Myers and Randy Myers for the death of their son, Brandon Myers,

who eventually hung himself, and the bullying he experienced played a substantial factor in causing his suicidal thoughts; and

g.  Actual and constructive knowledge existed of other bullying incidents that led to other completed suicides or suicide attempts prior to Decedent's death in this case.

253.  Defendants Kinder, Grover, Curtis, Lyon, Martin, Breske, Walkenhorst, White, Spencer, Knipmeyer, and Severns breached their duty by committing acts and omissions of negligence and carelessness, and failing to meet the requisite standards of due care, skill, and practice as required by public officials within their same fields, to wit:

a.  Negligently and carelessly failing to monitor the classroom and school for physical and verbal abuse and other forms of bullying vs. teasing;

b.  Negligently and carelessly failing to timely recognize the severity of the abuse against Decedent and his friends;

c.  Negligently and carelessly failing to properly address the abuse against Decedent and his friends;

d.  Negligently and carelessly failing to ensure that Decedent was put in a safe learning environment;

e.  Negligently and carelessly failing to supervise the students who were abusing Decedent;

f.  Negligently and carelessly failing to comply with or implement Blue Springs Freshman Center's own bullying, harassment, and assault policies;

g.  Negligently and carelessly failing to discipline students who were physically and verbally abusing Decedent;

h.  Negligently and carelessly ignoring the pleas of students, concerned parents and others to address the bullying problems;

i.      Negligently and carelessly reinforcing, on a continuous basis, the idea that Decedent was to blame for and deserved his abuse or that he always had to be willing to point them out during lunch, which is not an action that they are trained to take;

j.      Negligently and carelessly committing acts and omissions that encouraged continual abuse against Decedent;

k.      Negligently and carelessly contributing to the emotional collapse of Decedent by continuously blaming and punishing victims of bullying who were his friends, and which also included himself on an occasion;

l.      Negligently and carelessly committing acts and omissions that directly caused and enhanced Decedent's emotional collapse and despair;

m.      Negligently and carelessly failing to take action, which reinforced the fact that any further complaints about bullying would not be acted upon the Blue Springs School District Defendants; and

n.      Negligently and carelessly committing other acts and omissions as yet unknown to Plaintiff, but will be revealed during the discovery and development of evidence in this case.

254.    The negligent actions and/or inactions of the Defendants named in this Count directly caused, or contributed to cause, Decedent severe mental anguish that ultimately contributed to his death.

255.    As a direct and proximate result of the injuries to and death of Decedent, Plaintiff was required to expend, incur, and become indebted for medical and funeral expenses, but more notably Decedent's family has forever lost the love, services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of Decedent, together with all

damages that Decedent sustained before his death and for which he would have been entitled to recover had he lived.

256.    Decedent's surviving parents are entitled to wrongful death damages to the full extent allowed by Missouri's Wrongful Death Statute.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter an order granting judgment against Defendants, jointly and severally, for compensatory damages in a sum which is fair and reasonable and in excess of $9,000,000.00, together with her costs herein expended, for aggravated circumstances damages in such a sum as will punish Defendants, and deter them from like conduct in the future, plus prejudgment and post-judgment interest at the legal rate, and for such other and further relief as the Court deems just and proper.

## COUNT VII
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
**(Plaintiff v. Paul Kinder, Kevin Grover, Debbie Curtis, Brandon Martin, Brett Lyon, Allison Spencer, Judi Knipmeyer, Diane Severns, Jim Breske, Mark Walkenhorst, and Shelly White)**

**COMES NOW** Plaintiff, and for Count VII of her cause of action against Defendants, states, alleges, and avers as follows.

257.    Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 256 of this Wrongful Death Petition for Damages, as though fully set forth herein.

258.    Defendants Kinder, Grover, Curtis, Lyon, Spencer, Knipmeyer, Martin, Breske, Walkenhorst, White, and Severns breached a duty owed to Decedent, as alleged in Counts I-V above.

259.    The Blue Springs School District Defendants committed negligent and tortious acts against Decedent, as alleged in the Counts above.

260. At the time of said negligent acts and omissions, it was known or should have been known that continuous abuse by classmates towards other classmates causes victims to suffer from one or more of the following: lack of motivation at school, increased absenteeism, eating disorders, chronic anxiety, depression, psychiatric problems, and suicidal ideas and tendencies. This harm is worsened through the inaction of those responsible for protecting the school's children.

261. Decedent's death was directly caused, or, contributed to be caused by the negligent and careless acts and omissions of the Defendants named in this Count.

262. By reason of the foregoing, Plaintiff has been damaged and is entitled to fair and reasonable compensation to the full extent permissible under Missouri's Wrongful Death Statute.

263. As a direct and proximate result of the injuries to and death of Decedent, Plaintiff was required to expend, incur, and become indebted for medical and funeral expenses.

264. Further, Plaintiff's and Decedent's family have forever lost the love, services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of Decedent, together with all damages that Decedent sustained before his death and for which he would have been entitled to recover had he lived.

265. The Defendants' conduct which caused this damage showed a complete indifference to, and/or a conscious disregard for, the health and safety of Decedent, and other people similarly situated, justifying the imposition of punitive damages.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter an order granting judgment against Defendants, jointly and severally, for compensatory damages in a sum which is fair and reasonable and in excess of $9,000,000.00, together with her costs herein expended, for aggravated circumstances damages in such a sum as will punish Defendants, and deter them from

like conduct in the future, plus prejudgment and post-judgment interest at the legal rate, and for such other and further relief as the Court deems just and proper.

## COUNT VIII
### WRONGFUL DEATH – NEGLIGENT INFLICTION OF EMOTION DISTRESS
### (Plaintiff v. John and Jane Doe 1, John and Jane Doe 2, and John and Jane Doe 3)

**COMES NOW** Plaintiff, and for Count VIII of her cause of action against Defendants, states, alleges, and avers as follows.

266. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 265 of this Wrongful Death Petition for Damages, as though fully set forth herein.

267. Beginning sometime in Middle School, and continuing up to the time of his death, Decedent's friend was regularly harassed in front of him.

268. When Decedent's friend took his own life, it left Decedent as the target for the bullying by the same bullies.

269. Upon information and belief, John and Jane Doe Number 1's child, knowing that Ethan Young had completed suicide earlier in the school year, and that Decedent was his best friend, and that Decedent, as well as his friends, had attempted to complete suicide after Ethan's death, still harassed and bullied Decedent by confronting him regularly at school and taunting him by saying mean and hurtful things, including, but not limited to, things such as, "kill yourself."

270. Upon information and belief, John and Jane Doe Number 2's child, knowing that Ethan Young had completed suicide earlier in the school year, and that Decedent was his best friend, and that Decedent, as well as his friends, had attempted to complete suicide after Ethan's death, still harassed and bullied Decedent by confronting him regularly at school and taunting him by saying mean and hurtful things, including, but not limited to, things such as, "kill yourself."

271.    Upon information and belief, John and Jane Doe Number 3's child, knowing that Ethan Young had completed suicide earlier in the school year, and that Decedent was his best friend, and that Decedent, as well as his friends, had attempted to complete suicide after Ethan's death, still harassed and bullied Decedent by confronting him regularly at school and taunting him by saying mean and hurtful things, including, but not limited to, things such as, "kill yourself."

272.    Upon information and belief, this bullying, harassment, and taunting was done with the knowledge and approval of John and Jane Doe numbers 1, 2, and 3, for two years prior to Decedent's death.

273.    The conduct of John and Jane Doe numbers 1, 2, and 3 toward Decedent, including the condoning of the regular harassment and bullying of Decedent and his friends, amount to outrageous conduct.

274.    John and Jane Doe numbers 1, 2, and 3 acted negligently to cause Decedent emotional distress.

275.    Defendants' negligence directly and proximately caused, or contributed to, Decedent's emotional collapse, which included overwhelming feelings of despair and helplessness, manifesting themselves as an uncontrollable urge to commit suicide, which ultimately factored into causing Decedent's death.

276.    Decedent suffered medically significant and diagnosable emotional distress as a direct and proximate result of the negligent acts and omissions of John and Jane Doe numbers 1, 2, and 3.

277.    Decedent has incurred necessary and reasonable medical expenses, suffered physical pain and mental anguish, experienced other economic hardships, and eventually lost his life, all which were directly caused, or contributed to be caused, by and the proximate result of, Defendants' negligent acts and omissions.

278.     As a direct and proximate result of the injuries to and death of Decedent, Plaintiff was required to expend, incur, and become indebted for medical and funeral expenses.

279.     Further, Plaintiff's and Decedent's family has forever lost the love, services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of Decedent, together with all damages that Decedent sustained before his death and for which he would have been entitled to recover had he lived.

280.     Defendants' conduct, which caused this damage, showed complete indifference to, and/or conscious disregard for, the health and safety of Decedent, and other people similarly situated, justifying the imposition of punitive damages.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter an order granting judgment against Defendants, jointly and severally, for compensatory damages in a sum which is fair and reasonable and in excess of $9,000,000.00, together with her costs herein expended, for aggravated circumstances damages in such a sum as will punish Defendants, and deter them from like conduct in the future, plus prejudgment and post-judgment interest at the legal rate, and for such other and further relief as the Court deems just and proper.

**COUNT IX**

**WRONGFUL DEATH – VIOLATION OF TITLE IX, 20 U.S.C. § 1681
AND SECTION 504 OF THE REHABILITATION ACT**

**(Plaintiff v. Blue Springs School District)**

**COMES NOW** Plaintiff, and for Count IX of her cause of action against Defendant Blue Springs School District, states, alleges, and avers as follows.

281.     Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 280 of this Wrongful Death Petition for Damages, as though fully set forth herein.

282.    Defendant Blue Springs School District operates an education program or activity receiving federal financial assistance.

283.    Under Title IX of the Education Act Amendments of 1972 (20 U.S.C. § 1681) and 29 U.S.C. § 701, the school district may not exclude any persons, on the basis of sex or disability, from participation in any education program or activity receiving federal financial assistance, or deny benefits on the basis of disability, or subject that person to disability discrimination.

284.    The harassment/bullying directed at Decedent was due to his speech impediment, special individual educational needs, his mental health disability which was actually worsened by fellow students of Decedent in combination with the Blue Springs Defendant's inactions because such aforementioned harassment/bullying went ignored by school officials, staff, and administrators to the point where the treatment that they were expected to endure was so severe, pervasive, and persistent, that it effectively barred Decedent's access to educational opportunities or benefits, and/or limited his ability to participate in, or obtain any benefit or enjoyment from, the education program, and/or created a hostile or abusive educational environment.

285.    Defendant Blue Springs School District had actual knowledge that its efforts to remediate bullying were ineffective, but it chose to continue the same methods it had been using to no avail which amounts to unreasonable conduct by Defendant Blue Springs School District in light of the known circumstances set forth herein, and is in violation of Title IX.

286.    Defendant Blue Springs School District systematically failed to take prompt and effective remedial action in response to allegations of bullying which resulted in students, which included, but was not limited to, Decedent being denied the full and equal use and enjoyment of the advantages, facilities, services, and privileges of public school.

287.    Superintendent Kinder and the School District officials acting under his direction failed to respond adequately, which such failure was so grossly inadequate it amounted to no action

at all, which illustrates a deliberate indifference to Decedent's rights, and in so doing discriminated against Decedent in its programs and activities, in violation of 20 U.S.C. § 1681 and 29 U.S.C. § 701.

288.    As a direct and proximate result of this conduct, Plaintiff has suffered damages for which she is entitled to compensatory damages and injunctive relief, and because they have been compelled to employ attorneys, are entitled to attorneys' fees pursuant to 42 U.S.C. § 1988.

289.    As a direct and proximate result of the injuries to and death of Decedent, Plaintiff was required to expend, incur, and become indebted for medical and funeral expenses.

290.    As a direct and proximate result of this conduct, Plaintiff's and Decedent's family have forever lost the love, services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of Decedent, together with all damages that Decedent sustained before his death and for which he would have been entitled to recover had he lived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter an order granting judgment against Defendants, jointly and severally, for compensatory damages in a sum which is fair and reasonable and in excess of $9,000,000.00, for attorneys' fees, together with her costs herein expended, for aggravated circumstances damages in such a sum as will punish Defendants, and deter them from like conduct in the future, plus prejudgment and post-judgment interest at the legal rate, and for such other and further relief as the Court deems just and proper.

## COUNT X
### WRONGFUL DEATH – SECTION 1983 – DEPRIVATION OF FEDERAL RIGHTS
**(Plaintiff v. Blue Springs School District, Paul Kinder, Kevin Grover, Jim Breske, Debbie Curtis, Brandon Martin, Brett Lyon, Diane Severn, Allison Spencer, Judi Knipmeyer, Mark Walkenhorst, and Shelly White, Individually, and in their Official Capacities, referred to as the "Blue Springs School District Defendants")**

**COMES NOW** Plaintiff, and for Count X of her cause of action against Defendants, states, alleges, and avers as follows.

291.     Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 290 of this Wrongful Death Petition for Damages, as though fully set forth herein.

292.     Defendant Blue Springs School District is a political subdivision of the State of Missouri.

293.     By engaging in the above described misconduct, and by acting pursuant to its custom, practice, and policy, the Blue Springs School District Defendants' actions and inactions were performed under color of state law, and violated Decedent's federally-protected civil rights under 42 U.S.C. §1983, including Decedent's right to be free from discrimination on the basis of any disability, including, but not limited to, a speech impediment or mental health ailment.

294.     By engaging in the above described misconduct, and by acting pursuant to its custom, practice, and policy, the Blue Springs School District Defendants' actions and inactions were performed under color of state law, violated Decedent's federally-protected civil rights under 42 U.S.C. § 1983, including Decedent's right to be free from repeated acts of bullying, in violation of his right to be in a safe place for his education.

295.     The acts and omissions of the Blue Springs School District Defendants' complained of herein were either intentional, reckless, and/or performed with a deliberate indifference to Decedent's well-being, and deprived Decedent of his constitutionally-protected rights to be free from discrimination and/or bullying.

296.     As direct and proximate result of the aforementioned acts and omissions, Decedent suffered humiliation, anxiety, indignity, depressed mood, and mental and emotional anguish that caused or contributed to cause his death.

297.     Pursuant to 42 U.S.C. § 1988(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs incurred in bringing this action.

Electronically Filed - Jackson - Independence - May 19, 2017 - 10:01 PM

298.    As a direct and proximate result of the injuries to and death of Decedent, Plaintiff was required to expend, incur, and become indebted for medical and funeral expenses.

299.    Further, Plaintiff's and Decedent's family have forever lost the love, services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of Decedent, together with all damages that Decedent sustained before his death and for which he would have been entitled to recover had he lived.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter an order granting judgment against Defendants, jointly and severally, for compensatory damages in a sum which is fair and reasonable and in excess of $9,000,000.00, for attorneys' fees, together with her costs herein expended, for aggravated circumstances damages in such a sum as will punish Defendants, and deter them from like conduct in the future, plus prejudgment and post-judgment interest at the legal rate, and for such other and further relief as the Court deems just and proper.

## COUNT XI
### WRONGFUL DEATH – SECTION 1983 – STATE CREATED DANGER
**(Plaintiff v. Blue Springs School District, Paul Kinder, Kevin Grover, Debbie Curtis, Jim Breske, Brandon Martin, Brett Lyon, Allison Spencer, Judi Knipmeyer, Mark Walkenhorst, Shelly White, and Diane Severns, Individually, and in their Official Capacities)**

**COMES NOW** Plaintiff, and for Count XI of her cause of action against Defendants, states, alleges, and avers as follows.

300.    Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 299 of this Wrongful Death Petition for Damages, as though fully set forth herein.

301.    Because Missouri has chosen to provide a free public education to its children, Decedent had a constitutional property right to a free public education protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

Case 4:17-cv-00538-NKL   Document 1-2   Filed 06/30/17   Page 63 of 142

Electronically Filed - Jackson - Independence - May 19, 2017 - 10:01 PM

302.    Decedent also had constitutional rights to bodily integrity, to due process, to be secure and left alone, and to life protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

303.    The Blue Springs School District Defendants' actions and inactions were done in their capacity as agents of the School District, and individually, and were done under the color of state law.

304.    At the time of their actions and/or inactions, the Blue Springs School District Defendants knew, or should have known, that a culture of bullying existed within the School District, including, but not limited to, Moreland Ridge Middle School and the Blue Springs Freshman Center.

305.    At the time of their actions and/or inactions, the Blue Springs School District Defendants had actual knowledge of ongoing and severe abuse suffered by Decedent and Decedent's friends, to which he was a bystander, from students who engaged in such bullying while under the custody and control of the Blue Springs School District, and that the abuse deprived its victims, including, but not limited to, Decedent and some of his fellow students, as it would any 14 to 15 year old child, their right to a safe education, their right to bodily integrity, their right to be free from the harmful, long lasting, and sometimes fatal effects that are caused by bullying.

306.    At the time of their actions and/or inactions, the Blue Springs School District Defendants knew which students were telling Decedent to go kill himself.

307.    The Superintendent has authorized use of video surveillance.

308.    At the time of their actions and/or inactions, it was readily foreseeable to the Blue Springs School District Defendants that the bullying would continue into the future which in turn naturally results in the deprivation of Decedent's constitutional rights to a safe public education,

to bodily integrity, to be secure and left alone, and to life when they failed to comply with policies, laws, and regulations pertaining to anti-discrimination and bullying.

309.    The Blue Springs School District Defendants' actions and inactions enhanced the danger to Decedent, and those similarly situated to Decedent, by rendering them more vulnerable to the deprivation of their rights to an equally safe education, bodily integrity, security, and to life through numerous affirmative acts, including, but not limited to:

a.    Failing to comply with their own anti-bullying policy departmental rules;

b.    Failing to comply with state and federal anti-discrimination laws;

c.    Affirmatively discouraging victims of bullying from reporting bullying through inaction or telling the victim to point out the kids while in front of other students, which discourages the children that get bullied from reporting;

d.    Affirmatively discouraging victims of bullying by taking no action causing victims of bullying, including Decedent, to know that reporting bullying would be hopeless and harmful in that he would be subject to retaliation;

e.    Affirmatively enhancing Decedent's vulnerability to abuse; and

f.    Affirmatively encouraging further abuse by bullies in the School District, at Moreland Ridge Middle School, and at the Blue Springs Freshman Center by knowingly misrepresenting that there was no bullying occurring in the schools, and by failing to take any meaningful action as required when bullying acts are made known to them, thereby creating a culture where certain students somehow had the right to bully.

310.    The Blue Springs School District Defendants' affirmative acts and omissions were committed with a deliberate indifference to, and a reckless and willful disregard for, Decedent's constitutional rights. These affirmative acts increased the danger to Decedent, and ultimately contributed to cause his death in that they:

a.     Left Decedent at the mercy of his bullying peers while affirmatively preventing him from taking any actions to stop the bullying, torment, abuse, and harassment, and leaving him no reasonable means of escape or protection;

b.     Increased Decedent's feelings that he deserved and would always deserve to be harassed, bullied, tormented, abused, and that he should not protect himself, and that the school would do nothing to protect him and would instead punish him if he defended himself, which included telling on students;

c.     Increased the bullying acts through inaction;

d.     Encouraged further and more severe bullying, harassment, torment, and abuse of Decedent from his classmates by sending the message to his abusers that the school approved of his classmates' behavior and would not interfere or respond in any way, except to punish Decedent for verbally defending himself; and

e.     Were a factor in increasing and accelerating Decedent's emotional collapse and despair, which led directly to him taking his own life after a prior attempt that was in response to the bullying from the same children that bullied his deceased friend Ethan, and would repeatedly tell him to "go kill himself," and other mean, non-humane statements.

311.    These affirmative acts and/or omissions by the Blue Springs School District Defendants, taken as a whole and in the context of a known bullying culture in the School District, increased the danger to Decedent, and such conduct amounts to shocking, egregious, and outrageous behavior.

312.    Decedent has incurred necessary and reasonable medical expenses, suffered physical pain and mental anguish, experienced other economic hardships, and eventually lost his life, all as a direct and proximate result of Defendants' actions and/or actions.

313. By reason of the foregoing, such conduct caused, or contributed to cause, Decedent's death, and Plaintiff has been damaged and is entitled to fair and reasonable compensation.

314. The Blue Springs School District Defendants' conduct which caused this damage showed a complete indifference to, and/or a conscious disregard for, the health and safety of Decedent, and other people similarly situated to him, justifying the imposition of punitive damages.

315. As a direct and proximate result of the injuries to and death of Decedent, Plaintiff was required to expend, incur, and become indebted for medical and funeral expenses.

316. Further, Plaintiff's and Decedent's family have forever lost the love, services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of Decedent, together with all damages that Decedent sustained before his death and for which he would have been entitled to recover had he lived.

317. Pursuant to 42 U.S.C. § 1988(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs incurred in bringing this action.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter an order granting judgment against Defendants, jointly and severally, for compensatory damages in a sum which is fair and reasonable and in excess of $9,000,000.00, for attorneys' fees, together with her costs herein expended, for aggravated circumstances damages in such a sum as will punish Defendants, and deter them from like conduct in the future, plus prejudgment and post-judgment interest at the legal rate, and for such other and further relief as the Court deems just and proper.

## COUNT XII

### WRONGFUL DEATH – SUPERVISORY LIABILITY FOR PARTICIPATION IN AND ENCOURAGEMENT OF UNCONSTITUTIONAL MISCONDUCT BY SUBORDINATES (42 U.S.C. § 1983)

**(Plaintiff v. Paul Kinder, Kevin Grover, Debbie Curtis, Brandon Martin, Brett Lyon, and Allison Spencer)**

**COMES NOW** Plaintiff, and for Count XII of her cause of action against Defendants, states, alleges, and avers as follows.

318. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 317 of this Wrongful Death Petition for Damages, as though fully set forth herein.

319. At all times relevant to this Wrongful Death Petition for Damages, Superintendent Paul Kinder had supervisory authority over and responsible for all the School District employees, including a closer supervisory position over Principal Grover, Principal Curtis, Principal Martin, Assistant Principal Lyon, Assistant Principal Spencer, Counselor Breske, 504 Coordinator Severns, Counselor and 504 Coordinator Knipmeyer, Teacher Walkenhorst, and Teacher White.

320. At all times relevant to this Wrongful Death Petition for Damages, Principal Kevin Grover had supervisory authority over all of the teachers and employees at Moreland Ridge Middle School.

321. At all times relevant to this Wrongful Death Petition for Damages, Principal Brandon Martin, had supervisory authority over all of the teachers and employees at the Blue Springs Freshman Center.

322. At all times relevant to this Wrongful Death Petition for Damages, Principal Debbie Curtis also had supervisory authority over all of the teachers and employees at the Blue Springs Freshman Center.

68

323.    At all times relevant to this Wrongful Death Petition for Damages, Assistant Principal Brett Lyon had supervisory authority over the teachers, counselors, nurse, and all other employees at Moreland Ridge Middle School.

324.    At all times relevant to this Wrongful Death Petition for Damages, Assistant Principal Allison Spencer had supervisory authority over the teachers, counselors, nurse, and all other employees at Moreland Ridge Middle School.

325.    At all times relevant to this Wrongful Death Petition for Damages, Defendants Superintendent Kinder, Principal Curtis, Principal Grover, Principal Martin, Assistant Principal Lyon, and Assistant Principal Spencer were acting under color of state law in both their individual and official capacities.

326.    Superintendent Kinder actually knew, or should have known, that Principal Grover, Principal Curtis, Assistant Principal Lyon, Principal Martin, Assistant Principal Spencer, and other teachers and administrators in the School District were unconstitutionally placing students, including Decedent, in increased danger of severe, ongoing, and targeted bullying, and the resulting foreseeable deprivations of their constitutional rights to a public education, to bodily integrity, to be secure and left alone, to life, and to substantiate due process under the Fourteenth Amendment to the Constitution of the United States.

327.    Principals Curtis and Martin actually knew, or should have known, that teachers and other employees at the Blue Springs Freshman Center were placing students, including Ryker, in increased danger of severe, ongoing, and targeted bullying and the resulting deprivation of their constitutional rights to a public education, to bodily integrity, to life, to be secure and left alone, and to substantiate due process under the Fourteenth Amendment to the Constitution of the United States.

328.    Principal Martin, Principal Grover, and Principal Curtis, actually knew, or should have known, that Assistant Principal Lyon, Assistant Principal Spencer, Counselor Breske, 504 Coordinator Knipmeyer, 504 Coordinator Severns, Teacher Walkenhorst, and Teacher White, along with other employees, were placing students, including Decedent, at an increased risk of danger due to severe, ongoing, and targeted bullying which naturally results in a deprivation of their constitutionally protected rights to a public education, to bodily integrity, to life, to be secure and left alone, and to substantive due process under the Fourteenth Amendment to the Constitution of the United States.

329.    Principal Martin and Assistant Principal Lyon actually knew, or should have known, that Defendants' Counselor Breske, 504 Coordinator Knipmeyer, 504 Coordinator Severns, Teacher Walkenhorst, and Teacher White, along with other employees, were placing students, including Decedent, at an increased risk of danger due to severe, ongoing, and targeted bullying which naturally results in a deprivation of their constitutionally protected rights to a public education, to bodily integrity, to life, to be secure and left alone, and to substantive due process under the Fourteenth Amendment.

330.    Principal Martin and Assistant Principal Spencer actually knew, or should have known, that Defendants' Counselor Breske, Counselor and 504 Coordinator Knipmeyer, 504 Coordinator Severns, Teacher Walkenhorst, and Teacher White, along with other employees, were placing students, including Decedent, in increased danger of severe, ongoing, and targeted bullying and the resulting deprivation of their constitutional rights to a public education, to bodily integrity, to life, to be secure and left alone, and to substantive due process under the Fourteenth Amendment to the Constitution of the United States.

331.    By rejecting the implementation of, or refusing to comply with, proven anti-bullying policies and law, and/or refusing to intervene to prevent, his subordinates' continuing

pattern of unconstitutional misconduct and inaction toward Decedent and other students who were victims of severe bullying by not acting as required, Superintendent Kinder encouraged conduct which demonstrated a deliberate indifference to, or tacit authorization of, his subordinates' offensive acts and/or omissions.

332.    By rejecting the implementation of, or refusing to comply with, proven anti-bullying policies and laws, and/or refusing to intervene to prevent, their subordinates' continuing pattern of unconstitutional misconduct and inaction toward Decedent and other students who were victims of severe bullying by not acting as required, Principal Martin, Principal Curtis, Principal Grover, Assistant Principal Lyon, and Assistant Principal Spencer encouraged conduct which demonstrated a deliberate indifference to, or tacit authorization of, their subordinates' offensive acts and/or omissions.

333.    By encouraging and participating in the unconstitutional misconduct of their subordinates, and failing to take meaningful remedial action to deter that misconduct, Defendants Kinder, Curtis, Grover, Lyon, and Spencer acted with deliberate, reckless, and callous disregard for Decedent's constitutional rights to a public education, to bodily integrity, to life, to be secure and left alone, and to substantive due process under the Fourteenth Amendment to the Constitution of the United States.

334.    As a direct result of their encouraging and participating in the unconstitutional misconduct of their subordinates, Defendants Kinder, Martin, Curtis, Grover, Lyon, and Spencer caused Decedent to suffer the deprivation of his rights to a public education, to bodily integrity, to life, to be secure and left alone, and to substantive due process under the Fourteenth Amendment to the Constitution of the United States. Such deprivations eventually contributed to Decedent's death.

Electronically Filed - Jackson - Independence - May 19, 2017 - 10:01 PM

335.    Decedent has incurred necessary and reasonable medical expenses, suffered physical pain and mental anguish, experienced other economic hardships, and eventually lost his life, all as a direct and proximate result of Defendants' negligence.

336.    As a direct and proximate result of the injuries to and death of Decedent, Plaintiff was required to expend, incur, and become indebted for medical and funeral expenses.

337.    Further, Plaintiff's and Decedent's family have forever lost the love, services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of Decedent, together with all damages that Decedent sustained before his death and for which he would have been entitled to recover had he lived.

338.    Defendants' conduct which caused this damage showed a complete indifference to and/or a conscious disregard for the health and safety of Decedent, and other people similarly situated justifying the imposition of punitive damages.

339.    Pursuant to 42 U.S.C. § 1988(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs incurred in bringing this action.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter an order granting judgment against Defendants, jointly and severally, for compensatory damages in a sum which is fair and reasonable and in excess of $9,000,000.00, for attorneys' fees, together with her costs herein expended, for aggravated circumstances damages in such a sum as will punish Defendants, and deter them from like conduct in the future, plus prejudgment and post-judgment interest at the legal rate, and for such other and further relief as the Court deems just and proper.

## COUNT XIII

### WRONGFUL DEATH – DENIAL OF SUBSTANTIVE DUE PROCESS THROUGH FAILURE TO TRAIN AND SUPERVISE (42 U.S.C. § 1983)

#### (Plaintiff v. Blue Springs School District)

**COMES NOW** Plaintiff, and for Count XIII of her cause of action against Defendants, state, allege, and aver as follows.

340. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 339 of this Wrongful Death Petition for Damages, as though fully set forth herein.

341. For 20 years now, empirical research has told educators that severe, ongoing, and targeted bullying in schools is pervasive and routinely results in clinical depression, suicidal thoughts, and suicide among its targeted victims.

342. When complied with, anti-bullying policies and laws have been proven to reduce and prevent severe, ongoing, and targeted bullying and to transform bullying school cultures into positive and supportive school cultures.

343. The Blue Springs School District Defendants actually knew, or should have known, of severe, ongoing, and targeted bullying in its schools, in that they:

      a. Knew that Decedent and his friends were the victims of repeated bullying acts, harassment, and torment by classmates at the School District's schools for a few years prior to Decedent's death in this case;

      b. Knew that students or concerned parents of students in the School District repeatedly complained to the School District about bullying acts;

      c. Knew that in the Fall of 2005, a female Blue Springs High School student had been assaulted by a group of bullies, leading to felony charges and ultimately a plea

agreement, to which when brought to the school's attention, it determined that the incident was not actionable towards the alleged bullies;

      d.     Knew that from the Fall of 2001 until February 2007, a male Blue Springs School District student was the victim of the School District's bullying problem, that both the student and his parents had reported the bullying problem, and that thereafter the student committed suicide as a result of the bullying and inaction from the school officials;

      e.     Knew that from earlier in the school year that Decedent took his life, Decedent's best friend, Ethan Young, had taken his life due to bullying, and according to how Decedent and his friends were feeling and indicating to the School that they wanted to discuss it, but such attempts were shifted to how to properly grieve when someone passes away is not to focus on how they passed, thereafter Decedent's close friends attempted suicide, and Decedent had attempted it twice prior to completing it on May 20, 2014;

      f.     Knew, or should have known, that severe and pervasive harm was being done to victims of bullying and bullies were going untreated, both of which have lasting effects into adulthood; and

      g.     Knew or should have known of other instances of bullying unknown to Plaintiff at present, but that will become known through discovery and the evidence.

344.     The Blue Springs School District Defendants should have known, and/or did actually know, of the severe, ongoing, and targeted bullying to which Decedent was subjected.

345.     The Blue Springs School District Defendants should have known, and/or did actually know, that the consistent response to Decedent's victimization was to ignore that bullying and punish or deter victims of bullying when they would stand up to their tormentors with verbal threats of their own.

346.    The Blue Springs School District Defendants should have known, and/or did actually know, that the consistent response to bullying in the district was to ignore instances of bullying, and to deny that a bullying problem existed in the School District's schools.

347.    Given what the Blue Springs School District Defendants should have known, and/or actually knew, the likelihood of current and future deprivations of constitutionally protected rights to an education, to bodily integrity, to be secure and left alone, and to life was a natural and obvious and/or reasonably anticipated and foreseeable result.

348.    Given what the Blue Springs School District Defendants should have known, and/or did actually know, the need for training and supervision concerning bullying prevention and response was not only obvious but also promised years prior to Decedent's death in this case.

349.    As trained educators, all officials and teachers in the School District were required to be aware of effective bullying prevention strategies and appropriate responses to bullying incidents.

350.    Despite this widely published and widely publicized research, the School District failed to implement, or failed to comply with, proven anti-bullying policies and laws meant to prevent or deter bullying in its schools.

351.    Defendant Blue Springs School District failed to properly train and supervise its employees and agents with regard to the prevention of bullying, the appropriate response to reports of bullying, and how to provide meaningful protection to children from known bullying.

352.    Despite the School District's actual and constructive knowledge of an ongoing pattern of bullying incidents, and an ongoing pattern of improper responses to those incidents by teachers and administrators, as well as the existence of a dangerous bullying culture in the School District's Moreland Ridge Middle School and Blue Springs Freshman Center, the Blue Springs School District failed to properly train and supervise its employees and agents with regard to

prevention of bullying, response to reports of bullying, and protection of children from known bullying.

353.    As a result of the Blue Springs School District's failure to train and supervise its employees and agents, Decedent was deprived of his rights to a free public education, to bodily integrity, to be secure and left alone, to life, and his rights to substantive due process under the Fourteenth Amendment to the United States Constitution.

354.    The Blue Springs School District's failure to train and supervise its employees and agents constituted a deliberate indifference to, and a deprivation of, Decedent's rights to a public education, to bodily integrity, to be secure and left alone, to life, and substantive due process under the Fourteenth Amendment to the United State Constitution.

355.    Decedent has incurred necessary and reasonable medical expenses, suffered physical pain and mental anguish, experienced other economic hardships, and eventually lost his life, all as a direct and proximate result of Defendant's actions and/or inactions.

356.    Defendants' conduct which caused this damage showed a complete indifference to, and/or a conscious disregard for, the health and safety of Decedent, and other people similarly situated, justifying the imposition of punitive damages.

357.    Pursuant to 42 U.S.C. § 1988(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs incurred in bringing this action.

358.    As a direct and proximate result of the injuries to and death of Decedent, Plaintiff was required to expend, incur, and become indebted for medical and funeral expenses.

359.    Further, Plaintiff's and Decedent's family have forever lost the love, services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of Decedent, together with all damages that Decedent sustained before his death and for which he would have been entitled to recover had he lived.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter an order granting judgment against Defendants, jointly and severally, for compensatory damages in a sum which is fair and reasonable and in excess of $9,000,000.00, for attorneys' fees, together with her costs herein expended, for aggravated circumstances damages in such a sum as will punish Defendants, and deter them from like conduct in the future, plus prejudgment and post-judgment interest at the legal rate, and for such other and further relief as the Court deems just and proper.

**COUNT XIV**

**DENIAL OF SUBSTANTIVE DUE PROCESS THROUGH A POLICY, CUSTOM, AND PRACTIVE OF FAILING TO RESPOND TO OR PREVENT BULLYING IN ITS SCHOOLS (42 U.S.C. § 1983)**

**(Plaintiff v. Blue Springs School District)**

**COMES NOW** Plaintiff, and for Count XIV of her cause of action against Defendants, states, alleges, and avers as follows.

360.     Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 359 of this Wrongful Death Petition for Damages, as though fully set forth herein.

361.     The School District, including the school board and the superintendents in the School District at the relevant times of the occurrences described in this Wrongful Death Petition for Damages, knew, or should have known, that there existed among administrators, counselors, and teachers a continuing, widespread and persistent pattern of failing to respond appropriately to bullying incidents, including those incidents in which Decedent or one of his friends was the victim and he was the bystander.

362.     The School District, including the school board and the superintendents in the School District at the relevant times of the occurrences described in this Wrongful Death Petition for Damages, knew, or should have known, that there existed a continuing, widespread, and persistent pattern of administrators failing to implement or ensure compliance with its anti-

bullying policy, departmental rules, regulations, and state laws meant to prevent bullying and at a minimum ensure that appropriate responses to bullying incidents are made to avoid further harm towards a victim by not having anyone stand up for them, including bullying incidents like those in which Decedent was the victim or Decedent's friend was the victim and he was the bystander.

363. The School District, including the school board, the superintendent, and the principals in the School District at the relevant times of the occurrences described in this Wrongful Death Petition for Damages, knew, or should have known, that such failures were causing its students, including Decedent, to suffer deprivations of their rights to a public education, to bodily integrity, to be secure and left alone, to life, and substantive due process under the Fourteenth Amendment to the United States Constitution.

364. Nevertheless, the School District, including the school board, the superintendent, and the principals in the School District at the relevant times of the occurrences described in this Wrongful Death Petition for Damages, maintained a practice of inappropriate and impermissible responses to known bullying incidents, a practice of rejecting the implementation of, or not complying with, proven bullying prevention policies and laws, and a practice of allowing bullying incidents and a bullying culture to continue unchecked in the School District's schools.

365. The School District's actions and inactions show a deliberate indifference to or tacit approval of the constitutional misconduct of its employees and a deliberate indifference to Decedent and other students' rights to a public education, to bodily integrity, to life, to be secure and be left alone, and substantive due process under the Fourteenth Amendment to the United States Constitution.

366. Because the bullying continued unchecked and even increased as employees refused to come to the aid of victims, and even punished victims, for defending themselves, this policy and practice was the moving force behind the deprivation of Decedent's rights to a public

education, to bodily integrity, to life, to be secure and left alone, and substantive due process under the Fourteenth Amendment to the United States Constitution.

367. The School District's actions and inactions caused, or contributed to cause, Decedent's death.

368. Decedent has incurred necessary and reasonable medical expenses, suffered physical pain and mental anguish, experienced other economic hardships, and eventually lost his life, all as a direct and proximate result of Defendants' actions.

369. As a direct and proximate result of the injuries to and death of Decedent, Plaintiff was required to expend, incur, and become indebted for medical and funeral expenses.

370. Further, Plaintiff's and Decedent's family have forever lost the love, services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of Decedent, together with all damages that Decedent sustained before his death and for which he would have been entitled to recover had he lived.

371. Defendants' conduct which caused this damage showed complete indifference to and/or a conscious disregard for the health and safety of Decedent, and other people similarly situated justifying the imposition of punitive damages.

372. Pursuant to 42 U.S.C. § 1988(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs incurred in bringing this action.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter an order granting judgment against Defendants, jointly and severally, for compensatory damages in a sum which is fair and reasonable and in excess of $9,000,000.00, for attorneys' fees, together with her costs herein expended, for aggravated circumstances damages in such a sum as will punish Defendants, and deter them from like conduct in the future, plus prejudgment and post-judgment interest at the legal rate, and for such other and further relief as the Court deems just and proper.

Electronically Filed - Jackson - Independence - May 19, 2017 - 10:01 PM

## COUNT XV
## <u>WRONGFUL DEATH – NEGLIGENCE</u>
### (Plaintiff v. Marillac and Maggie Chiu)

**COMES NOW** Plaintiff, and for Count XV of her cause of action against Defendants, states, alleges, and avers as follows.

373.  Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 372 of This Wrongful Death Petition for Damages, as though fully set forth herein.

374.  Decedent received treatment, including inpatient treatment, from Defendant Marillac and Defendant Chiu on two separate inpatient hospitalizations after attempted suicides during the school year that he ultimately took his own life.

375.  Decedent's treatment during his inpatient care was rendered by Defendant Marillac, by and through its agents, employees, and representatives, including, but not limited to, Maggie Chiu, LMSW.

376.  Other providers not named herein, but acting during the course and scope of their employment or agency with Defendant Marillac rendered care and had duties of care towards Decedent.

377.  Decedent was treated by Defendant Marillac for a suicide attempt in February of 2014.

378.  Defendants Marillac and Chiu treated, approved and/or gave Decedent's instructions for discharge, without prescribing appropriate therapy, treatment, medicine, or appropriate restrictions regarding school, or without adequately communicating with the School the specific identifiable risk that Decedent raised with them which was being bullied at school, and being told to go kill himself repeatedly.

80

379.     Plaintiff is of the information and belief that multiple messages were left with the School by Defendant Chiu regarding Decedent, and Defendant Chiu also spoke with the School about the bullying.

380.     Proper care would have required communicating that the Thursday prior to being admitted into the hospital, Decedent was approached by three students in the cafeteria and told to go kill himself before he ever said anything to them, and would otherwise be necessary to communicate any duty to warn because there was a way of identifying the children through surveillance video that was available at the time the voice message was left.

381.     After Decedent's Marillac hospitalization, he had incidents of further bullying by repeated hurtful and inhumane statements directed towards him that included, but is not limited to, that "he should kill himself," "go kill yourself," and/or "kill yourself."

382.     Defendants Marillac and Chiu were informed by Decedent that he felt suicidal or hopeless when other students were bullying him at school and telling him to kill himself, and gave a specific account that occurred in the cafeteria the Thursday prior to his treatment with Marillac regarding his second suicide attempt, where he described a situation wherein three children approached him and told him to go kill himself in the school's cafeteria, and that they were the same kids who bullied his deceased friend, Ethan Young.

383.     Defendants Marillac and Chiu knew, or should have known, about the harm that is done to adolescents who suffer from depression or anxiety who are also being bullied.

384.     During the course of his treatment, Defendants Marillac and Chiu owed a duty to Decedent to use that degree of skill and learning ordinarily used by skillful, careful, and prudent members of the medical profession in providing specialized psychiatric, psychological, and medical services to patients like Decedent.

385.     At all times mentioned herein, the Marillac Defendants accepted Decedent as a patient for the purpose of rendering necessary and appropriate treatment for his conditions, including, but not limited to, suicidal idealizations that resulted in a prior attempt to take his own life.

386.     It is reasonably foreseeable that a suicide will occur when a suicidal patient receives medical care below the degree of skill and learning ordinarily used by skillful, careful, and prudent members of the medical profession.

387.     The natural, probable, and foreseeable consequences of the Marillac Defendants' negligent acts and/or omissions in breach of their duty of care owed Decedent was for his suicide thoughts to worsen and caused, or contributed to cause, his death.

388.     If the Marillac Defendants had properly met the standard of care that professionals with specialized skill and knowledge in the field of psychology, psychiatry, psychiatric medicines, and/or in the field of suicide and/or bullying prevention treatment, whether inpatient or outpatient, Decedent would not have died on May 20, 2014.

389.     It was, or should have been, reasonably anticipated by the Marillac Defendants that Decedent would become at a much higher risk of trying to complete suicide or have recurrent thoughts about completing suicide when faced with entering the Blue Springs Freshman Center.

390.     Defendants Marillac and Chiu knew, or should have known, that a reoccurrence of Decedent's suicidal ideas and behavior at the Freshman Center was probable if they did not communicate such danger to the School, because Decedent told them that he had suicidal feelings when he got bullied at school.

391.     Defendants Marilllac and Chiu knew, or should have known, of the risks associated with discharging Decedent in the manner prescribed when it was still reasonably anticipated that

he would engage in self-harming behavior or that the School had not been properly updated in regards to Decedent's safety.

392.    Defendants Marillac and Chiu breached their duty to Decedent, and were thereby negligent in the ways set forth in the paragraphs above, and in such further negligent ways as revealed through discovery and the evidence.

393.    Such failure or failures to use reasonable care and the negligent acts/omissions described above directly caused, or contributed to cause, Decedent's mental anguish and death.

394.    As a direct and proximate result of the injuries to and death of Decedent, Plaintiff was required to expend, incur, and become indebted for medical and funeral expenses.

395.    Further, Plaintiff's and Decedent's family have forever lost the love, services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of Decedent, Ryker Lewis, together with all damages that Decedent sustained before his death and for which he would have been entitled to recover had he lived.

396.    Pursuant to RSMo § 538.225, undersigned counsel will timely provide an affidavit.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter an order granting judgment against Defendants Marillac and Chiu, for compensatory damages in a sum which is fair and reasonable and in excess of $9,000,000.00, together with her costs herein expended, for aggravated circumstances damages in such a sum as will punish Defendants Marillac and Chiu, and deter them from like conduct in the future, plus prejudgment and post-judgment interest at the legal rate, and for such other and further relief as the Court deems just and proper.

**COUNT XVI**

**AGGRAVATING CIRCUMSTANCES – PUNITIVE DAMAGES**

**(Plaintiff v. All Defendants)**

**COMES NOW** Plaintiff, and for Count XVI of her cause of action against Defendants, states, alleges, and avers as follows.

397.     Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 396 of this Wrongful Death Petition for Damages, as though fully set forth herein.

398.     Each of the Defendants committed one or more of the grossly negligent, willful, wanton, reckless, and malicious acts as alleged in this Wrongful Death Petition for Damages, which individually and/or cumulatively justify the award of punitive damages and/or aggravated circumstances damages in this case against each of the Defendants named herein.

399.     Defendants knew, or had information from which in the exercise of ordinary care should have known, that such conduct, as alleged herein, created a high degree of probability of injury or death to Decedent and others similarly situated.

400.     The willful, wanton, reckless, and malicious acts of Defendants, as alleged in this Wrongful Death Petition for Damages, illustrate each of the Defendants complete indifference to, and/or conscious disregard for, Decedent's safety, and the safety of others similarly situated, justifying the submission of punitive damages and/or aggravated circumstances damages in this case.

401.     As a direct and proximate result of the injuries to and death of Decedent, Plaintiff was required to expend, incur, and become indebted for medical and funeral expenses.

402.     Further, Plaintiff's and Decedent's family have forever lost the love, services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of Decedent, together with all damages that Decedent sustained before his death and for which he would have been entitled to recover had he lived.

**WHEREFORE,** Plaintiff respectfully requests this Court enter an order granting judgment against Defendants, jointly and severally, for compensatory damages in a sum which is fair and reasonable and in excess of $9,000,000.00, together with her costs herein expended, for aggravated

circumstances damages and/or punitive damages in such a sum as will punish Defendants, and deter them from like conduct in the future, plus prejudgment and post-judgment interest at the legal rate, and for such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL ON ALL ISSUES

Plaintiffs hereby demand a trial by jury in the above-entitled cause.

Date: 05/19/2017

BERGMANIS LAW FIRM, LLC

*/s/ Erik A. Bergmanis*

Erik Bergmanis        (#33151)
380 W. US Highway 54, Suite 201
Camdenton MO 65020
(573) 346-2111 (telephone)
(573) 346-5885 (facsimile)
*erik@ozarklawcenter.com*

and

SULLIVAN LAW, LLC

*/s/ Tim R. Morgan*

Tim R. Morgan        (#56657)
1600 Baltimore, Suite 200
Kansas City MO 64108
(816) 221-9922 (telephone)
(816) 817-1962 (facsimile)
*tmorgan@sullivantrial.com*

and

SULLIVAN LAW, LLC

*/s/ Robert C. Sullivan*

Robert C. Sullivan      (#52408)
SULLIVAN LAW LLC
1600 Baltimore, Suite 200
Kansas City MO 64108
(816) 221-9922 (telephone)
(816) 817-1962 (facsimile)
*rsullivan@sullivantrial.com*

**ATTORNEYS FOR PLAINTIFF**

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

REBECCA SUE LEWIS,

                    **PLAINTIFF(S),**                    **CASE NO. 1716-CV11481**

VS.                                                 **DIVISION 2**

BLUE SPRINGS SCHOOL DISTRICT,

                    **DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION

---

       NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **KENNETH R GARRETT III on 02-OCT-2017** in **DIVISION 2** at **08:30 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

       A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

       At the Case Management Conference, counsel should be prepared to address at least the following:

      a.     A trial setting;

      b.     Expert Witness Disclosure Cutoff Date;

      c.     A schedule for the orderly preparation of the case for trial;

      d.     Any issues which require input or action by the Court;

      e.     The status of settlement negotiations.

Case 4:17-cv-00538-NKL   Document 1-2   Filed 06/30/17   Page 86 of 142

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ **KENNETH R GARRETT III**
KENNETH R GARRETT III, **Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
ERIK AUGUST BERGMANIS, 380 WEST US HIGHWAY 54, SUITE 201, CAMDENTON, MO 65020

Defendant(s):
 BLUE SPRINGS SCHOOL DISTRICT
PAUL A. KINDER
DIANE SEVERNS
KEVIN GROVER
BRANDON MARTIN
JIM BRESKE
DEBBIE CURTIS
BRETT LYON
MARK WALKENHORST
SHELLY WHITE
ALLISON SPENCER

JUDI KNIPMEYER
 MARILLAC CENTER INC NKA CORNERSTONES OF CARE
MAGGIE CHIU
JOHN DOE 1
JOHN DOE 2
JOHN DOE 3
JANE DOE 1
JANE DOE 2
JANE DOE 3

Dated:  22-MAY-2017                MARY A. MARQUEZ
                                                     Court Administrator

Case 4:17-cv-00538-NKL   Document 1-2   Filed 06/30/17   Page 88 of 142

# BERGMANIS LAW FIRM, L.L.C.
## ATTORNEYS AT LAW

Physical Address:
380 W. U.S. Highway 54
Camdenton, MO 65020

Phone: (573) 346-2111
Toll Free: (800) 225-7583
Fax: (573) 346-5885
website: www.ozarklawcenter.com

Mailing Address:
P.O. Box 229
Camdenton, MO 65020

ERIK A. BERGMANIS                                         ANDREW S. LYSKOWSKI

May 22, 2017

Clerk of the Court
**Attn: Tammy**
Jackson County Courthouse
308 W. Kansas Avenue
Independence, MO 64050

     Re:   *Rebecca Lewis vs. Blue Springs School District, et al.*
           Jackson County Case No. 1716-CV11481
           **Service Instructions**

Dear Tammy:

     This is to provide you with service instructions for the Defendants in this case that was filed on May 19, 2017. The service fees are being provided concurrently herewith through the e-filing system. Please issue the following summonses to be served through the Jackson County Sheriff's Department:

     BLUE SPRINGS SCHOOL DISTRICT
     <u>Serve</u>: Jim Finley, Superintendent
           2816 S. Stoneridge Rd.
           Blue Springs, MO 64015

     PAUL KINDER
     <u>Serve at</u>: 2308 N.E. Myrtle Ct.
              Blue Springs, MO 64014

     DIANE SEVERNS
     <u>Serve at</u>: 221 NE Hidden Ridge Cir.
              Lee's Summit, MO 64064

     KEVIN GROVER
     <u>Serve at</u>: 328 N.E. Parks Edge Place
              Lee's Summit, MO 64064

BRANDON MARTIN
Serve at: 1204 NE Kenwood Dr.
Lee's Summit, MO 64063

JIM BRESKE
Serve at: 405 SE Williamsburg Dr.
Lee's Summit, MO 64063

DEBBIE CURTIS
Serve at: 5656 N.E. Northgate Place
Lee's Summit, MO 64064

MARK WALKENHORST
Serve at: 901 N. Birch Ct.
Oak Grove, MO 64075

RECHELE ROSS WHITE
a/k/a SHELLY WHITE
Serve at: 2605 S.W. Kristin Drive
Lee's Summit, MO 64082

ALLISON SPENCER
Serve at: 709 S.W. Elizabeth Street
Blue Springs, MO 64015

MARILLAC CENTER INC. n/k/a
CORNERSTONES OF CARE
Serve: Registered Agent
BC Agent Services, Inc.
3800 One Kansas City Place
1200 Main Street
Kansas City, MO 64105

Please issue the following summonses, which we will retrieve from the e-filing system and arrange for service with the appropriate sheriff's departments:

BRETT LYON
Serve at: 1300 Wesley Circle
Raymore, MO 64083

JUDI KNIPMEYER
Serve at: 17905 Long Grove Road, Apt. R
Higginsville, MO 64037

MAGGIE CHIU, LMSW
<u>Serve at</u>: Marillac Center
8000 W. 127TH Street
Overland Park, KS 66213

Thank you for your assistance.  If you have any questions, or need additional information, please let me know.

Sincerely,

BERGMANIS LAW FIRM, L.L.C.

By:  *Mary Beth Kirby*

Mary Beth Kirby, *Paralegal*
*To* ERIK A. BERGMANIS

/mbk

Electronically Filed - Jackson - Independence - May 22, 2017 - 10:50 AM

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
☐ AT KANSAS CITY  ☒ AT INDEPENDENCE

RE: REBECCA S LEWIS V BLUE SPRINGS SCHOOL DISTRI ET AL
CASE NO: 1716-CV11481

TO: **ERIK AUGUST BERGMANIS**
**380 WEST US HIGHWAY 54**
**SUITE 201**
**CAMDENTON, MO 65020**

We have received pleadings, which you submitted for filing in the case and they have been file-stamped on 5-19-17. However, your pleading cannot be processed further until the following action is taken:

**RULE 3.2 - STYLE**
☐ Additional service instructions are needed.
☐ Incorrect case number/filed in wrong county.
☐ Document is unreadable.

**RULE 4.2 (2)**
☐ Need Circuit Court Form 4

**RULE 5.6 – COLLECTIONS OF DEPOSIT**
☐ No fee, or incorrect fee, received; fee required is $_____.
☐ Insufficient Filing Fee; Please Remit $_____
☐ No signature on check/form 1695.
☐ No request to proceed in forma pauperis.
☐ No personal checks accepted.

**RULE 68.1**
☐ Need Circuit Court Form 17

**RULE 68.7 – VITAL STATISTICS REPORT**
☐ Need Certificate of dissolution of marriage form.

**RULE 74.14 SUPREME CT – FOREIGN JUDGMENT**
☐ Authentication of foreign judgment required.
☐ Affidavit pursuant to Supreme Court Rule 74.14

**RULE 54.12 SERVICE IN REM OR QUASI IN REM ACTIONS**
☐ Affidavit for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Order for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Notice for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Affidavit for Service by Certified/Registered Mail pursuant to Supreme Court Rule 54.12b.

**OTHER:** **IF SERVICE IS NEEDED WILL NEED SERVICE INSTRUCTONS. THANK YOU**
☐ Please take the actions necessary to comply with the Circuit Court Rules and your request will be processed.
☐ The private process server listed is not on our approved list.
☐ Execution in effect. Return date _____. Request may be resubmitted within one week prior to return date.
☐ Supreme Court Rule 90.13 requires interrogatories be served with summons of garnishment.

**If the filing was a new case, please be advised that unless the additional information marked is received within 30 days of the date of this notice this case will be dismissed pursuant to Rule 37.4 for failure to prosecute without prejudice, at the Plaintiff's cost. Collection efforts will be pursued for these costs.**

**Please refer to the Court's website at www.16thcircuit.org for Court Rules or Forms.**

Copies electronic noticed, faxed, emailed and/or mailed MAY 22, 2017 to:

COURT ADMINISTRATOR'S OFFICE
**DEPARTMENT OF CIVIL RECORDS**
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| MAY 22, 2017 | By | TAMMY JONAS 881-1655 |
|---|---|---|
| Date | | Deputy Court Administrator |

☐ 415 East 12th St., Kansas City, Missouri 64106
☒ 308 W. Kansas, Independence, Missouri 64050

Case 4:17-cv-00538-NKL   Document 1-2   Filed 06/30/17   Page 92 of 142



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 1716-CV11481 |
|---|---|
| Plaintiff's/Petitioner:<br>REBECCA SUE LEWIS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>ERIK AUGUST BERGMANIS<br>380 WEST US HIGHWAY 54<br>SUITE 201<br>CAMDENTON, MO 65020 |
| Defendant/Respondent:<br>BLUE SPRINGS SCHOOL DISTRICT | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Wrongful Death | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: BLUE SPRINGS SCHOOL DISTRICT

SRV: JIM FINLEY SUPERINTENDENT
2816 S STONERIDGE RD
BLUE SPRINGS, MO 64015

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

23-MAY-2017
_____
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

*(Seal)*          Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date          Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $      10.00 |
| Mileage | $_____ ( _____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (2-2017) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 17-SMCC-5257   1  of  1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:17-cv-00538-NKL   Document 1-2   Filed 06/30/17   Page 93 of 142

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.

Circuit Court of Jackson County



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 1716-CV11481 |
|---|---|
| Plaintiff/Petitioner:<br>REBECCA SUE LEWIS | Plaintiff's/Petitioner's Attorney/Address<br>ERIK AUGUST BERGMANIS<br>380 WEST US HIGHWAY 54<br>SUITE 201 |
| vs. | CAMDENTON, MO 65020 |
| Defendant/Respondent:<br>BLUE SPRINGS SCHOOL DISTRICT | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Wrongful Death | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: PAUL A. KINDER

2308 N.E. MYRTLE CT.
BLUE SPRINGS, MO 64014

*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

23-MAY-2017
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____ .

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ | _____
Printed Name of Sheriff or Server | Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____ | _____
Date | Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $. _____ per mile) |
| **Total** | $ _____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (2-2017) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 17-SMCC-5259** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:17-cv-00538-NKL   Document 1-2   Filed 06/30/17   Page 95 of 142

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County



6/22

## IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI



| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 1716-CV11481 |
|---|---|
| Plaintiff/Petitioner:<br>REBECCA SUE LEWIS | Plaintiff's/Petitioner's Attorney/Address<br>ERIK AUGUST BERGMANIS<br>380 WEST US HIGHWAY 54<br>SUITE 201<br>CAMDENTON, MO 65020 |
| vs. | |
| Defendant/Respondent:<br>BLUE SPRINGS SCHOOL DISTRICT | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Wrongful Death | |
| | (Date File Stamp) |

### Summons in Civil Case

**The State of Missouri to: DIANE SEVERNS**

221 NE HIDDEN RIDGE CIR.
LEE'S SUMMIT, MO 64064

**COURT SEAL OF**

*CIRCUIT COURT OF MISSOURI*

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

23-MAY-2017
Date                                         Clerk

Further Information:

---

### MEMBER OF FAMILY

I hereby certify that I have served the within summons in Jackson County, Missouri, by delivering a copy of the summons and a copy of the petition at the dwelling place or usual place of abode of the within named defendant, _Diane Severns_ _____, by leaving with, _Gabby Severns (Daughter)_ _____, a member of his/her family over the age of 15 years.

Place of Service _221 Ne Hidden Ridge Cir Lees Summit MO_

Date of Service _6-5-17_

Time of Service _1706_

**DEPARTMENT OF CIVIL PROCESS**
**COURT ADMINISTRATOR'S OFFICE**
**CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

BY _____

**CIRCT 3029- 12/13**

DEPUTY

| Non Est<br>Sheriff's Deputy Salary | $ |
|---|---|
| Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( ____ miles @ $. ____ per mile) |
| Total | $ _____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (2-2017) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 17-SMCC-5260   1  of  1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 1716-CV11481 |
| Plaintiff/Petitioner:<br>REBECCA SUE LEWIS | Plaintiff's/Petitioner's Attorney/Address:<br>ERIK AUGUST BERGMANIS<br>380 WEST US HIGHWAY 54<br>SUITE 201<br>vs.  CAMDENTON, MO 65020 |
| Defendant/Respondent:<br>BLUE SPRINGS SCHOOL DISTRICT | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Wrongful Death | |

RECEIVED (COPY CERTIFIED)
2017 MAY 30 PH 3: 06
CASE JACKSON COUNTY KANSAS

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **MAGGIE CHIU LMSW**

SRV POE: MARILLAC CENTER
8000 W 127TH STREET
OVERLAND PARK, KS 66213

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

23-MAY-2017
Date _____ Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server     Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
I am: (check one)    ☐ the clerk of the court of which affiant is an officer.
       ☐ the judge of the court of which affiant is an officer.
       ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
       ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ _____ |

See the following page for directions to clerk and to officer making return on service of summons.

OSCA (2/2017) SM60 (JAKSMOS) *For Court Use Only:* Document ID# 17-SMOS-484   1 of 2      (1716-CV11481)
Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

SSNON 3

# BERGMANIS LAW FIRM, L.L.C.
## ATTORNEYS AT LAW

Physical Address:
380 W. U.S. Highway 54
Camdenton, MO 65020

Phone: (573) 346-2111
Toll Free: (800) 225-7583
Fax: (573) 346-5885
website: www.ozarklawcenter.com

Mailing Address:
P.O. Box 229
Camdenton, MO 65020

ERIK A. BERGMANIS

ANDREW S. LYSKOWSKI

May 25, 2017

Sheriff of Johnson County
**Attn: Civil Process**
Johnson County Justice Annex
588 E. Santa Fe, Suite 2000
Olathe, KS 66061

Re: *Rebecca Lewis vs. Blue Springs School District, et al.*
   Jackson County, Missouri, Case No. 1716-CV11481

Dear Civil Process

   Enclosed is a service packet for Defendant Maggie Chiu, LMSU, in the above-referenced case, as well as check in the amount of $30.00 for the service fee. The service packet includes the Summons and Petition for service and a copy of the Summons for the return. Please effectuate service on Defendant Chiu as follows:

     Maggie Chiu, LMSW
     Marillac Center n/k/a Cornerstones
     8000 W. 127th Street
     Overland Park, KS 66213

   If you have any questions or concerns, please let me know.

   Thank you.

     Sincerely,

     BERGMANIS LAW FIRM, L.L.C.

   By: *Mary Beth Kirby*
     Mary Beth Kirby, *Paralegal*
     *To* ERIK A. BERGMANIS

/mbk
Enclosures

JOHNSON COUNTY KANSAS SHERIFF'S RETURN OF CIVIL PROCESS

CASE NO. 1716CV11481
CHAPTER

REBECCA LEWIS

(PLAINTIFF)

MAGGIE CHIU LMSW
8000 W 127TH ST
OVERLAND PARK, KS 66213

(PARTY OF RECORD)

SHERIFF'S RETURN OF SERVICE

I have not served the following, SUMMONS, PETITION, at 8000 W 127TH ST, on
JUNE 02 2017 at 1420 hours. MAGGIE CHIU LMSW was not found at that address.

All done in Johnson County, Kansas

I hereby certify under penalty of perjury that the foregoing is true and
correct.

Executed ___6-6-2017___
(Date)

Attorney for Plaintiff              Calvin Hayden-Sheriff
ERIK BERGMANIS                      Johnson County, Kansas

                                    By _____

                                    CECIL, MATTHEW, DEPUTY

Additional Notes:
PER JENNIFER ROGERS, CLINICAL MANAGER, SUBJECT IS NO LONGER EMPLOYED WITH
THIS FACILITY AS OF OCTOBER 2016.

CERTIFICATION OF OFFICER'S AUTHORITY

Subscribed and sworn to before me this ___8___ day of ___June___, 2017,
by MATTHEW CECIL , whom I certify was at the date of such service and is now
a Deputy Sheriff of Johnson County, State of Kansas, and as such Officer is
duly authorized to serve process in Civil actions within said State and is
as Officer of the Court of which I am Clerk. Witness my hand and the Seal
of the District Court within and for the County of Johnson and the State of
Kansas.

_____
Clerk of the District Court, the Tenth Judicial
District of the State of Kansas, County of Johnson



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 1716-CV11481 |
| Plaintiff/Petitioner:<br>REBECCA SUE LEWIS | Plaintiff's/Petitioner's Attorney/Address<br>ERIK AUGUST BERGMANIS<br>380 WEST US HIGHWAY 54<br>SUITE 201<br>CAMDENTON, MO 65020 |
| vs. | |
| Defendant/Respondent:<br>BLUE SPRINGS SCHOOL DISTRICT | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Wrongful Death | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** DIANE SEVERNS

221 NE HIDDEN RIDGE CIR.
LEE'S SUMMIT, MO 64064

**COURT SEAL OF**

*CIRCUIT COURT OF MISSOURI*

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

<u>23-MAY-2017</u>
Date

_____
Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

---

| Sheriff's Fees | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ _____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

---

OSCA (2-2017) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 17-SMCC-5260** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 1716-CV11481 |
|---|---|
| Plaintiff/Petitioner:<br>REBECCA SUE LEWIS<br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>ERIK AUGUST BERGMANIS<br>380 WEST US HIGHWAY 54<br>SUITE 201<br>CAMDENTON, MO 65020 |
| Defendant/Respondent:<br>BLUE SPRINGS SCHOOL DISTRICT<br>Nature of Suit:<br>CC Wrongful Death | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050<br><br>_(Date File Stamp)_ |

## Summons in Civil Case

The State of Missouri to: **KEVIN GROVER**

328 N.E. PARKS EDGE PLACE
LEE'S SUMMIT, MO 64064

**COURT SEAL OF**

*CIRCUIT COURT OF MISSOURI*

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| 23-MAY-2017 | _____ |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

| _____ | _____ |
|---|---|
| Printed Name of Sheriff or Server | Signature of Sheriff or Server |

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____

| Date | Notary Public |
|---|---|

| **Sheriff's Fees** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ ( ___ miles @ $_____ per mile) | |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (2-2017) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 17-SMCC-5261** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:17-cv-00538-NKL   Document 1-2   Filed 06/30/17   Page 103 of 142

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service -- eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.


Circuit Court of Jackson County



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 1716-CV11481 |
| Plaintiff/Petitioner:<br>REBECCA SUE LEWIS | Plaintiff's/Petitioner's Attorney/Address<br>ERIK AUGUST BERGMANIS<br>380 WEST US HIGHWAY 54<br>SUITE 201<br>**vs.** CAMDENTON, MO 65020 |
| Defendant/Respondent:<br>BLUE SPRINGS SCHOOL DISTRICT | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Wrongful Death | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **BRANDON MARTIN**

1204 NE KENWOOD DRIVE
LEE'S SUMMIT, MO 64064

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

23-MAY-2017
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $. _____ per mile) |
| Total | $ _____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (2-2017) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 17-SMCC-5262** 1 of 1Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:17-cv-00538-NKL   Document 1-2   Filed 06/30/17   Page 105 of 142

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.

Circuit Court of Jackson County



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 1716-CV11481 |
| Plaintiff/Petitioner:<br>REBECCA SUE LEWIS | Plaintiff's/Petitioner's Attorney/Address<br>ERIK AUGUST BERGMANIS<br>380 WEST US HIGHWAY 54<br>SUITE 201<br>**vs.** CAMDENTON, MO 65020 |
| Defendant/Respondent:<br>BLUE SPRINGS SCHOOL DISTRICT | Court Address:<br>308 W Kansas |
| Nature of Suit:<br>CC Wrongful Death | INDEPENDENCE, MO 64050 |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **JIM BRESKE**

405 SE WILLIAMSBURG DR.
LEE'S SUMMIT, MO 64063

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

23-MAY-2017
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____

_____ Date

_____ Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ | 10.00 |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) | |
| **Total** | $ | |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (2-2017) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 17-SMCC-5263     1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:17-cv-00538-NKL   Document 1-2   Filed 06/30/17   Page 107 of 142

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division: | Case Number: 1716-CV11481 |
|---|---|
| KENNETH R GARRETT III | |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address |
| REBECCA SUE LEWIS | ERIK AUGUST BERGMANIS |
| | 380 WEST US HIGHWAY 54 |
| | SUITE 201 |
| vs. | CAMDENTON, MO 65020 |
| Defendant/Respondent: | Court Address: |
| BLUE SPRINGS SCHOOL DISTRICT | 308 W Kansas |
| Nature of Suit: | INDEPENDENCE, MO 64050 |
| CC Wrongful Death | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: DEBBIE CURTIS

5656 N.E. NORTHGATE PLACE
LEE'S SUMMIT, MO 64064

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

23-MAY-2017
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
　　　　　　　　　　　　　　　　　Date          Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ | 10.00 |
| Mileage | $ _____ ( _____ miles @ $._____ per mile) | |
| Total | $ | |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (2-2017) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 17-SMCC-5264** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:17-cv-00538-NKL　　Document 1-2　　Filed 06/30/17　　Page 109 of 142

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service -- eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 1716-CV11481 |
|---|---|
| Plaintiff/Petitioner:<br>REBECCA SUE LEWIS | Plaintiff's/Petitioner's Attorney/Address<br>ERIK AUGUST BERGMANIS<br>380 WEST US HIGHWAY 54<br>SUITE 201<br>vs. CAMDENTON, MO 65020 |
| Defendant/Respondent:<br>BLUE SPRINGS SCHOOL DISTRICT | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Wrongful Death | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: MARK WALKENHORST

901 N. BIRCH CT.
OAK GROVE, MO 64075

COURT SEAL OF

*(seal image)*

JACKSON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

23-MAY-2017
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (2-2017) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 17-SMCC-5265** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:17-cv-00538-NKL Document 1-2 Filed 06/30/17 Page 111 of 142

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 1716-CV11481 |
|---|---|
| Plaintiff/Petitioner:<br>REBECCA SUE LEWIS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>ERIK AUGUST BERGMANIS<br>380 WEST US HIGHWAY 54<br>SUITE 201<br>CAMDENTON, MO 65020 |
| Defendant/Respondent:<br>BLUE SPRINGS SCHOOL DISTRICT | Court Address:<br>308 W KANSAS<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Wrongful Death | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **RECHELE ROSS WHITE**
**Alias: SHELLY WHITE**

2605 S.W. KRISTIN DRIVE
LEE'S SUMMIT, MO 64082

*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

23-MAY-2017
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (2-2017) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 17-SMCC-5266** 1 of 1Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:17-cv-00538-NKL   Document 1-2   Filed 06/30/17   Page 113 of 142

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 1716-CV11481 |
|---|---|
| Plaintiff/Petitioner:<br>REBECCA SUE LEWIS | Plaintiff's/Petitioner's Attorney/Address<br>ERIK AUGUST BERGMANIS<br>380 WEST US HIGHWAY 54<br>SUITE 201 |
| vs. | CAMDENTON, MO 65020 |
| Defendant/Respondent:<br>BLUE SPRINGS SCHOOL DISTRICT | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Wrongful Death | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:** ALLISON SPENCER | |
| 709 S.W. ELIZABETH STREET<br>BLUE SPRINGS, MO 64015 | |

COURT SEAL OF

JACKSON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

23-MAY-2017
_____
Date

_____
Clerk

Further Information: _____

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

(Seal)

Subscribed and sworn to before me on _____ (date).

My commission expires: _____

_____          _____
Date                                        Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ ( _____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (2-2017) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 17-SMCC-5267** 1 of 1Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:17-cv-00538-NKL   Document 1-2   Filed 06/30/17   Page 115 of 142

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 1716-CV11481 |
| Plaintiff/Petitioner:<br>REBECCA SUE LEWIS | Plaintiff's/Petitioner's Attorney/Address<br>ERIK AUGUST BERGMANIS<br>380 WEST US HIGHWAY 54<br>SUITE 201<br>CAMDENTON, MO 65020 |
| vs. | |
| Defendant/Respondent:<br>BLUE SPRINGS SCHOOL DISTRICT | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Wrongful Death | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: MARILLAC CENTER INC
Alias: CORNERSTONES OF CARE

SRV RA: BC AGENT SERVICES INC
3800 ONE KANSAS CITY PLACE
1200 MAIN STREET
KANSAS CITY, MO 64105



COURT SEAL OF

JACKSON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

<u>23-MAY-2017</u>
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ | 10.00 |
| Mileage | $ | (_____ miles @ $._____ per mile) |
| Total | $ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (2-2017) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 17-SMCC-5268  1 of 1Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:17-cv-00538-NKL   Document 1-2   Filed 06/30/17   Page 117 of 142

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

Case 4:17-cv-00538-NKL   Document 1-2   Filed 06/30/17   Page 118 of 142



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 1716-CV11481 |
| Plaintiff/Petitioner:<br>REBECCA SUE LEWIS | Plaintiff's/Petitioner's Attorney/Address<br>ERIK AUGUST BERGMANIS<br>380 WEST US HIGHWAY 54<br>SUITE 201<br>CAMDENTON, MO 65020 |
|          vs. | |
| Defendant/Respondent:<br>BLUE SPRINGS SCHOOL DISTRICT | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Wrongful Death | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **BRETT LYON**

1300 WESLEY CIRCLE
RAYMORE, MO 64083

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

<u>23-MAY-2017</u>
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server      Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____      _____
Date      Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ | 10.00 |
| Mileage | $ | ( _____ miles @ $._____ per mile) |
| **Total** | $ | |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (2-2017) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 17-SMCC-5269** 1 of 1Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:17-cv-00538-NKL   Document 1-2   Filed 06/30/17   Page 119 of 142

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org ⟶ Electronic Filing Information ⟶ Required Documents for Service – eFiled cases ⟶ Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.  Thank you.

Circuit Court of Jackson County



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 1716-CV11481 |
|---|---|
| Plaintiff/Petitioner:<br>REBECCA SUE LEWIS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>ERIK AUGUST BERGMANIS<br>380 WEST US HIGHWAY 54<br>SUITE 201<br>CAMDENTON, MO 65020 |
| Defendant/Respondent:<br>BLUE SPRINGS SCHOOL DISTRICT<br>Nature of Suit:<br>CC Wrongful Death | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050<br><br>(Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: JUDI KNIPMEYER

17905 LONG GROVE ROAD, APT. 4
HIGGINSVILLE, MO 64037

*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

23-MAY-2017
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____        _____
Date        Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $. _____ per mile) |
| Total | $ _____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (2-2017) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 17-SMCC-5270  1 of 1Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:17-cv-00538-NKL   Document 1-2   Filed 06/30/17   Page 121 of 142

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 1716-CV11481 |
| Plaintiff/Petitioner:<br>REBECCA SUE LEWIS | Plaintiff's/Petitioner's Attorney/Address:<br>ERIK AUGUST BERGMANIS<br>380 WEST US HIGHWAY 54<br>SUITE 201<br>CAMDENTON, MO 65020 |
| vs. | |
| Defendant/Respondent:<br>BLUE SPRINGS SCHOOL DISTRICT | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Wrongful Death | |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **MAGGIE CHIU LMSW**

SRV POE: MARILLAC CENTER
8000 W 127TH STREET
OVERLAND PARK, KS 66213

**COURT SEAL OF**

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

23-MAY-2017
_____
Date

_____
Clerk

Further Information:

---

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by: (check one)
    - ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
    - ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
    - ☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____  _____
Printed Name of Sheriff or Server   Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
  ☐ the judge of the court of which affiant is an officer.
  ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
  ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $_____ per mile) |
| **Total** | $_____ |

See the following page for directions to clerk and to officer making return on service of summons.

OSCA (2/2017) SM60 (JAKSMOS) *For Court Use Only*: Document ID# 17-SMOS-484   1 of 2   (1716-CV11481)
Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 4:17-cv-00538-NKL   Document 1-2   Filed 06/30/17   Page 123 of 142

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

OSCA (2/2017) SM60 (JAKSMOS) *For Court Use Only*: Document ID# 17-SMOS-484   2 of 2          (1716-CV11481)
Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 4:17-cv-00538-NKL   Document 1-2   Filed 06/30/17   Page 124 of 142

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.

Circuit Court of Jackson County



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI



| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 1716-CV11481 |
|---|---|
| Plaintiff/Petitioner:<br>REBECCA SUE LEWIS | Plaintiff's/Petitioner's Attorney/Address<br>ERIK AUGUST BERGMANIS<br>380 WEST US HIGHWAY 54<br>SUITE 201<br>CAMDENTON, MO 65020 |
| | vs. |
| Defendant/Respondent:<br>BLUE SPRINGS SCHOOL DISTRICT | Court Address:<br>308 W Kansas |
| Nature of Suit:<br>CC Wrongful Death | INDEPENDENCE, MO 64050 |

RECEIVED CIVIL PROCESS
2017 MAY 31 PH 2: 15
(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to: MARK WALKENHORST**

901 N. BIRCH CT.
OAK GROVE, MO 64075 *Shadonna*

**COURT SEAL OF**

*CIRCUIT COURT OF MISSOURI*

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

23-MAY-2017
Date

_____ Clerk

Further Information:

### Sheriff's or Server's Return

## PERSONAL SERVICE

I hereby certify that I have served the within summons in Jackson County, Missouri, by delivering a copy of the summons and a copy of the petition to the within named defendant *Mark Walkenhorst*

Place of Service *901 N Birch CT Oak Grove, MO*

Date of Service *6-5-17*

Time of Service *10:13 AM*

DEPARTMENT OF CIVIL PROCESS
COURT ADMINISTRATOR'S OFFICE
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

BY _____
DEPUTY

CIRCT 3028 - 12/13

| Mileage | $_____ ( _____ miles @ $._____ per mile) |
|---|---|
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (2-2017) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 17-SMCC-5265  1  of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo


RECEIVED CIVIL PROCESS
2017 MAY 31 PH 2: 16

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 1716-CV11481 |
|---|---|
| Plaintiff/Petitioner:<br>REBECCA SUE LEWIS | Plaintiff's/Petitioner's Attorney/Address<br>ERIK AUGUST BERGMANIS<br>380 WEST US HIGHWAY 54<br>SUITE 201<br>CAMDENTON, MO 65020 |
| vs. | |
| Defendant/Respondent:<br>BLUE SPRINGS SCHOOL DISTRICT | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Wrongful Death | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: MARILLAC CENTER INC
Alias: CORNERSTONES OF CARE

SRV RA: BC AGENT SERVICES INC
3800 ONE KANSAS CITY PLACE
1200 MAIN STREET
KANSAS CITY, MO 64105   *sul*



COURT SEAL OF

JACKSON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

23-MAY-2017
Date

_____ Clerk

Further Information:

---

### Sheriff's or Server's Return

Note to serving officer: ...

I certify that I have ...

## CORPORATION/PARTNERSHIP - OFFICER/AGENT/PARTNER

I certify that I have served the within summons in Jackson County, Missouri, upon the ...
within named defendant corporation *Marillac Center dba Cornerstones of Care*
_____ by delivering a copy of the
summons and a copy of the petition to *Camille Lewe-Legate*
who said he/she was *with BC RA Sew*
Place of Service _____ *1200 Main KCMO*
Date of Service _____ *6-1-17*
Time of Service _____ *12:00 pm*

DEPARTMENT OF CIVIL PROCESS
COURT ADMINISTRATOR'S OFFICE
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

BY _____

DEPUTY

CIRCT 3032  12/13

Supplemental Surcharge   $ _____
Mileage                  $ _____ ( ____ miles @ $. ____ per mile)
Total                    $ _____
A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (2-2017) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 17-SMCC-5268   1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

RECEIVED CIVIL PROCESS
2017 MAY 31 PM 2: 14

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 1716-CV11481 |
| --- | --- |
| Plaintiff/Petitioner:<br>REBECCA SUE LEWIS | Plaintiff's/Petitioner's Attorney/Address<br>ERIK AUGUST BERGMANIS<br>380 WEST US HIGHWAY 54<br>SUITE 201<br>CAMDENTON, MO 65020 |
| vs. | |
| Defendant/Respondent:<br>BLUE SPRINGS SCHOOL DISTRICT | Court Address:<br>308 W Kansas |
| Nature of Suit:<br>CC Wrongful Death | INDEPENDENCE, MO 64050 |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: JIM BRESKE

405 SE WILLIAMSBURG DR.
LEE'S SUMMIT, MO 64063

**COURT SEAL OF**

**CIRCUIT COURT OF MISSOURI**

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

23-MAY-2017
Date

Clerk

Further Information:

### Sheriff's or Server's Return

## NON-EST

I hereby certify that I have made a diligent search for and failed to find the within named defendant _Jim Breske_, at _405 se Williamsburg Dr Lees Summit MO_ for the reason that _Does not live there - per home owner_

**DEPARTMENT OF CIVIL PROCESS
COURT ADMINISTRATOR'S OFFICE
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

6-12-17
Date

BY

DEPUTY

**CIRCT 3031- 12/13**

| | | | |
| --- | --- | --- | --- |
| Supplemental Surcharge | $ 10.00 | | |
| Mileage | $ | ( miles @ $. per mile) | |
| Total | $ | | |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (2-2017) SM30 (JAKSMCC) *For Court Use Only: Document Id # 17-SMCC-5263* 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 1716-CV11481 |
|---|---|
| Plaintiff/Petitioner:<br>REBECCA SUE LEWIS | Plaintiff's/Petitioner's Attorney/Address:<br>ERIK AUGUST BERGMANIS<br>380 WEST US HIGHWAY 54<br>SUITE 201<br>CAMDENTON, MO 65020 |
| vs. | |
| Defendant/Respondent:<br>BLUE SPRINGS SCHOOL DISTRICT | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Wrongful Death | (Date File Stamp) |

*(right margin, vertical stamp)* RECEIVED (COPY CERTIFIED) 2017 MAY 30 PM 3:06 CARR JOHNSON COUNTY KANSAS

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: MAGGIE CHIU LMSW

SRV POE: MARILLAC CENTER
8000 W 127TH STREET
OVERLAND PARK, KS 66213

**COURT SEAL OF**

*(seal)* JACKSON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

23-MAY-2017
Date

_____
Clerk

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
☐ other (describe) _____

_____ (address)
Served at _____
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $ |
| Non Est | $ |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ |

See the following page for directions to clerk and to officer making return on service of summons.

SSNON 3

# BERGMANIS LAW FIRM, L.L.C.
## ATTORNEYS AT LAW

Physical Address:
380 W. U.S. Highway 54
Camdenton, MO 65020

Phone: (573) 346-2111
Toll Free: (800) 225-7583
Fax: (573) 346-5885
website: www.ozarklawcenter.com

Mailing Address:
P.O. Box 229
Camdenton, MO 65020

ERIK A. BERGMANIS

ANDREW S. LYSKOWSKI

May 25, 2017

Sheriff of Johnson County
**Attn: Civil Process**
Johnson County Justice Annex
588 E. Santa Fe, Suite 2000
Olathe, KS 66061

     Re:   *Rebecca Lewis vs. Blue Springs School District, et al.*
             *Jackson County, Missouri, Case No. 1716-CV11481*

Dear Civil Process

    Enclosed is a service packet for Defendant Maggie Chiu, LMSU, in the above-referenced case, as well as check in the amount of $30.00 for the service fee. The service packet includes the Summons and Petition for service and a copy of the Summons for the return. Please effectuate service on Defendant Chiu as follows:

           Maggie Chiu, LMSW
           Marillac Center n/k/a Cornerstones
           8000 W. 127th Street
           Overland Park, KS 66213

    If you have any questions or concerns, please let me know.

    Thank you.

           Sincerely,

           BERGMANIS LAW FIRM, L.L.C.

        By *Mary Beth Kirby*
           Mary Beth Kirby, *Paralegal*
           *To* ERIK A. BERGMANIS

/mbk
Enclosures

JOHNSON COUNTY KANSAS SHERIFF'S RETURN OF CIVIL PROCESS

CASE NO. 1716CV11481
CHAPTER

REBECCA LEWIS

(PLAINTIFF)

MAGGIE CHIU LMSW
8000 W 127TH ST
OVERLAND PARK, KS 66213

(PARTY OF RECORD)

SHERIFF'S RETURN OF SERVICE

I have not served the following, SUMMONS, PETITION, at 8000 W 127TH ST, on
JUNE 02 2017 at 1420 hours. MAGGIE CHIU LMSW was not found at that address.

All done in Johnson County, Kansas

I hereby certify under penalty of perjury that the foregoing is true and
correct.

Executed___6-6-2017___
(Date)

Attorney for Plaintiff
ERIK BERGMANIS

Calvin Hayden-Sheriff
Johnson County, Kansas

By_____

CECIL, MATTHEW, DEPUTY

Additional Notes:
PER JENNIFER ROGERS, CLINICAL MANAGER, SUBJECT IS NO LONGER EMPLOYED WITH
THIS FACILITY AS OF OCTOBER 2016.

CERTIFICATION OF OFFICER'S AUTHORITY

Subscribed and sworn to before me this __8__ day of __June__, 2017,
by MATTHEW CECIL , whom I certify was at the date of such service and is now
a Deputy Sheriff of Johnson County, State of Kansas, and as such Officer is
duly authorized to serve process in Civil actions within said State and is
as Officer of the Court of which I am Clerk. Witness my hand and the Seal
of the District Court within and for the County of Johnson and the State of
Kansas.

_____
Clerk of the District Court, the Tenth Judicial
District of the State of Kansas, County of Johnson

# Cass County Sheriff's Office
2501 West Mechanic St., Harrisonville, MO 64701

## Case Report

| Case Name | | | Case Number<br>1716-CV11481 | | | |
|---|---|---|---|---|---|---|
| WRONGFUL DEATH | | | | | | |

| Service Record Number<br>171456 | Date Received<br>06/09/2017 | Date Expired<br>06/23/2017 | Return Type | Return Date | Return Description | |
|---|---|---|---|---|---|---|

| Service Requested By<br>JACKSON COUNTY, MISSOURI (INDEPENDENCE) | | Case Type<br>SUMMONS | | | Disposition | |
|---|---|---|---|---|---|---|

| Return To<br>JACO-IND | | | | Circuit | | |
|---|---|---|---|---|---|---|

| Party to be Served<br>LYON, BRETT | | Posted Property | Posted Public Place | Served Y/N<br>NO | Service Fee<br>30.00 | Mileage Fee<br>0.00 |
|---|---|---|---|---|---|---|

Cautions

Special Instructions

Additional Notes

#7661 49.26 Bergmanis law firm

### Service Attempts

| Date | ID Number | Name | | Start Time | End Time | Total | Miles | Served |
|---|---|---|---|---|---|---|---|---|
| Defendant was Served | Actual Party Served | | Relationship to Defendant | | Location Served | | | |

### RESPONDENT Person

| Last Name<br>LYON | First Name<br>BRETT | Middle Name | | Suffix | | |
|---|---|---|---|---|---|---|
| Date of Birth | Gender | Social Security Number | | | | |

Caution

| Employer | | | Employer Phone | Ext/PIN | | |
|---|---|---|---|---|---|---|
| Employer Address | | City | | State | Zip | Country |

### Addresses

| Type | Street Address | City | State | Zip Code | Country |
|---|---|---|---|---|---|
| | 1300 WESLEY CIRCLE | RAYMORE | MO | | |

*6-15-17*
*1635*

*Served*

*#630*

---

*N. of Harbach Hill – W. of Prairie Ln – E. of Chur-Don Ave.*

Authorized Signature       Date

Printed 06/09/2017 1307

© 1994–2016, Information Technologies, Inc. http://www.iiitisus.com

# Cass County Sheriff's Office

2501 West Mechanic St., Harrisonville, MO 64701

## Case Report

| Case Name | Case Number<br>1716-CV11481 |
|---|---|

**WRONGFUL DEATH**

| Service Record Number<br>J71456 | Date Received<br>06/09/2017 | Date Expired<br>06/23/2017 | Return Type | Return Date<br>06/16/2017 | Return Description |
|---|---|---|---|---|---|

| Service Requested By<br>JACKSON COUNTY, MISSOURI (INDEPENDENCE) | Case Type<br>SUMMONS | | Disposition |
|---|---|---|---|

Return To
JACO-IND

Circuit

| Party to be Served<br>LYON, BRETT | Posted Property | Posted Public Place | Served Y/N<br>YES | Service Fee<br>30.00 | Mileage Fee<br>19.26 |
|---|---|---|---|---|---|

Cautions

Special Instructions

Additional Notes
#7661 49.26 Bergmanis law firm

### Service Attempts

| Date | ID Number | Name | | Start Time | End Time | Total | Miles | Served |
|---|---|---|---|---|---|---|---|---|
| | Defendant was Served | Actual Party Served | | Relationship to Defendant | | Location Served | | |
| 06/15/2017 | 630 | BUERGE, KEVIN | | 1635 | 0000 | 0.00 | 36 | YES |
| YES | | | | | | | | |

Reason Not Served:

### RESPONDENT Person

| Last Name<br>LYON | First Name<br>BRETT | Middle Name | Suffix |
|---|---|---|---|

| Date of Birth | Gender | Social Security Number |
|---|---|---|

Caution

| Employer | | Employer Phone | Ext/PIN |
|---|---|---|---|
| Employer Address | City | State | Zip | Country |

### Addresses

| Type | Street Address | City | State | Zip Code | Country |
|---|---|---|---|---|---|
| | 1300 WESLEY CIRCLE | RAYMORE | MO | | |

/ /

| Authorized Signature | Date |
|---|---|

| Page 1 of 1 | Printed 06/16/2017 0851 |
|---|---|

© 1994 - 2016, Information Technologies, Inc http://www.itiusa.com



# RETURN OF SERVICE

RETURN OF SERVICE

## IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 1716-CV11481 |
|---|---|
| Plaintiff/Petitioner:<br>REBECCA SUE LEWIS | Plaintiff's/Petitioner's Attorney/Address<br>ERIK AUGUST BERGMANIS<br>380 WEST US HIGHWAY 54<br>SUITE 201 |
| vs. | CAMDENTON, MO 65020 |
| Defendant/Respondent:<br>BLUE SPRINGS SCHOOL DISTRICT | Court Address:<br>308 W Kansas |
| Nature of Suit:<br>CC Wrongful Death | INDEPENDENCE, MO 64050 |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: **BRETT LYON**

**1300 WESLEY CIRCLE
RAYMORE, MO 64083**

**COURT SEAL OF**

*CIRCUIT COURT OF MISSOURI*

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

23-MAY-2017
Date

Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☑ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☑ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _1300 Wesley Circle, Raymore_ (address)

in _Cass_ (County/City of St. Louis), MO, on _06-15-17_ (date) at _16 35_ (time).

_Deputy Kevin Buegge_ _____
Printed Name of Sheriff or Server                Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

_(Seal)_

My commission expires: _____
                        Date                                    Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | _20.00_ |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ | 10.00 |
| Mileage | $ | _19.26_ (_36_ miles @ $._535_ per mile) |
| Total | $ | _49.26_ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

JUN 0 9 2017

OSCA (2-2017) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 17-SMCC-5269   1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

*Bergmanis law firm
#7666   49.26*



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 1716-CV11481 |
|---|---|
| Plaintiff/Petitioner:<br>REBECCA SUE LEWIS | Plaintiff's/Petitioner's Attorney/Address<br>ERIK AUGUST BERGMANIS<br>380 WEST US HIGHWAY 54<br>SUITE 201<br>vs. CAMDENTON, MO 65020 |
| Defendant/Respondent:<br>BLUE SPRINGS SCHOOL DISTRICT | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Wrongful Death | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: DIANE SEVERNS

221 NE HIDDEN RIDGE CIR.
LEE'S SUMMIT, MO 64064

**COURT SEAL OF**

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

23-MAY-2017
Date

_____ Clerk

Further Information:

## MEMBER OF FAMILY

I hereby certify that I have served the within summons in Jackson County, Missouri, by delivering a copy of the summons and a copy of the petition at the dwelling place or usual place of abode of the within named defendant, _Diane Severns_ , by leaving with, _Gabby Severns  (Daughter)_ , a member of his/her family over the age of 15 years.

Place of Service _221 Ne Hidden Ridge Cir  Lees Summit MO_

Date of Service _6-5-17_

Time of Service _1700_

**DEPARTMENT OF CIVIL PROCESS**
**COURT ADMINISTRATOR'S OFFICE**
**CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

BY_____
DEPUTY

CIRCT 3029- 12/13

| Non List | |
|---|---|
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (2-2017) SM30 (JAKSMCC) For Court Use Only: Document Id # 17-SMCC-5260  1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,<br>54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

RECEIVED CIVIL PROCESS
2017 MAY 31 PM 2:11

| Judge or Division: | Case Number: 1716-CV11481 |
|---|---|
| KENNETH R GARRETT III | |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address |
| REBECCA SUE LEWIS | ERIK AUGUST BERGMANIS |
| | 380 WEST US HIGHWAY 54 |
| | SUITE 201 |
| vs. | CAMDENTON, MO 65020 |
| Defendant/Respondent: | Court Address: |
| BLUE SPRINGS SCHOOL DISTRICT | 308 W Kansas |
| | INDEPENDENCE, MO 64050 |
| Nature of Suit: | |
| CC Wrongful Death | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **KEVIN GROVER**

328 N.E. PARKS EDGE PLACE
LEE'S SUMMIT, MO 64064 *MPlus*



**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

23-MAY-2017

_____ Clerk

## PERSONAL SERVICE

I hereby certify that I have served the within summons in Jackson County, Missouri, by delivering a copy of the summons and a copy of the petition to the within named defendant _Kevin Grover_

Place of Service _328 Ne Parks Edge Pl Lees Summit MO_

Date of Service _6-5-17_

Time of Service _1705_

**DEPARTMENT OF CIVIL PROCESS**
**COURT ADMINISTRATOR'S OFFICE**
**CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

BY _____
DEPUTY

CIRCT 3028 - 12/13

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (2-2017) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 17-SMCC-5261  1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



**IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

6/22

2017 MAY 31 PM 2: 11 RECEIVED CIVIL PROCESS

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 1716-CV11481 |
|---|---|
| Plaintiff/Petitioner:<br>REBECCA SUE LEWIS | Plaintiff's/Petitioner's Attorney/Address<br>ERIK AUGUST BERGMANIS<br>380 WEST US HIGHWAY 54<br>SUITE 201<br>CAMDENTON, MO 65020 |
| vs. | |
| Defendant/Respondent:<br>BLUE SPRINGS SCHOOL DISTRICT | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Wrongful Death | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: DEBBIE CURTIS

5656 N.E. NORTHGATE PLACE
LEE'S SUMMIT, MO 64064 *m Areus*

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

23-MAY-2017
_Date_                                               _Clerk_

## PERSONAL SERVICE

I hereby certify that I have served the within summons in Jackson County, Missouri, by delivering a copy of the summons and a copy of the petition to the within named defendant _Debbie Curtis_ .

Place of Service _5656 Ne Northgate Pl Lees Summit MO_

Date of Service _6-5-17_

Time of Service _1652_

**DEPARTMENT OF CIVIL PROCESS**
**COURT ADMINISTRATOR'S OFFICE**
**CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

BY _____

DEPUTY

CIRCT 3028 - 12/13

| Summons | $ |
|---|---|
| Non Est | $ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( ___ miles @ $ _____ per mile) |
| Total | $ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (2-2017) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 17-SMCC-5264  1 of 1Civil Procedure Form No. 1, Rules 54.01 – 54.05,<br>54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

4/22

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 1716-CV11481 |
|---|---|
| Plaintiff/Petitioner:<br>REBECCA SUE LEWIS | Plaintiff's/Petitioner's Attorney/Address<br>ERIK AUGUST BERGMANIS<br>380 WEST US HIGHWAY 54<br>SUITE 201<br>CAMDENTON, MO 65020 |
| vs. | |
| Defendant/Respondent:<br>BLUE SPRINGS SCHOOL DISTRICT | Court Address:<br>308 W Kansas |
| Nature of Suit:<br>CC Wrongful Death | INDEPENDENCE, MO 64050 |
| | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to: ALLISON SPENCER**

709 S.W. ELIZABETH STREET
BLUE SPRINGS, MO 64015  *MARCUS*



COURT SEAL OF

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

<u>23-MAY-2017</u>
Date

_____
Clerk

---

## PERSONAL SERVICE

I hereby certify that I have served the within summons in Jackson County, Missouri, by delivering a copy of the summons and a copy of the petition to the within named defendant *Allison Spencer*

Place of Service *709 sw Elizabeth St Blue Springs MO*

Date of Service *6-7-17*

Time of Service *1704*

DEPARTMENT OF CIVIL PROCESS
COURT ADMINISTRATOR'S OFFICE
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

BY _____
DEPUTY

CIRCT 3028 - 12/13

| Non Est | $ _____ |
|---|---|
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( ____ miles @ $ ____ per mile) |
| Total | $ _____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (2-2017) SM30 (JAKSMCC) *For Court Use Only: Document Id # 17-SMCC-5267  1 of 1* Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



## IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI



RECEIVED CIVIL PROCESS
2017 MAY 31 PM 2: 10

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 1716-CV11481 |
|---|---|
| Plaintiff/Petitioner:<br>REBECCA SUE LEWIS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>ERIK AUGUST BERGMANIS<br>380 WEST US HIGHWAY 54<br>SUITE 201<br>CAMDENTON, MO 65020 |
| Defendant/Respondent:<br>BLUE SPRINGS SCHOOL DISTRICT | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Wrongful Death | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: BLUE SPRINGS SCHOOL DISTRICT

SRV: JIM FINLEY SUPERINTENDENT
2816 S STONERIDGE RD
BLUE SPRINGS, MO 64015 *SHADONNA*



**COURT SEAL OF**

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

23-MAY-2017
Date

_____ Clerk

Further Information:

### Sheriff's or Server's Return

---

## CORPORATION – PERSON IN CHARGE

I certify that I have served the within summons in Jackson County, Missouri, upon the within-named defendant corporation, _BLUE SPRINGS School DIST_____, by leaving a copy of the summons and a copy of the petition at the business office of said defendant corporation with _Tom Rodenberg - Legal Counsel_, who said he/she was the person in charge thereof.

Place of service: _1801 NW Vesper, Blue Springs Mo_____

Date of service: _6/20/17_____

Time of service: _9:03 Am_____

**DEPARTMENT OF CIVIL PROCESS**
**COURT ADMINISTRATOR'S OFFICE**
**CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

By _____

DEPUTY

CIRCT 3033  2/12

---

| Sheriff's Deputy Salary | | |
|---|---|---|
| Supplemental Surcharge | $ | 10.00 |
| Mileage | $_____ ( ____ miles @ $.____ per mile) | |
| Total | $_____ | |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (2-2017) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 17-SMCC-5257  1 of 1Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



6/22

## IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

RECEIVED CIVIL PROCESS
2017 MAY 31 PM 2:14

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 1716-CV11481 |
|---|---|
| Plaintiff/Petitioner:<br>REBECCA SUE LEWIS | Plaintiff's/Petitioner's Attorney/Address<br>ERIK AUGUST BERGMANIS<br>380 WEST US HIGHWAY 54<br>SUITE 201<br>CAMDENTON, MO 65020 |
| vs. | |
| Defendant/Respondent:<br>BLUE SPRINGS SCHOOL DISTRICT | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Wrongful Death | |
| | (Date File Stamp) |

### Summons in Civil Case

The State of Missouri to: BRANDON MARTIN

1204 NE KENWOOD DRIVE
LEE'S SUMMIT, MO 64064

**COURT SEAL OF**

**CIRCUIT COURT OF MISSOURI**

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

23-MAY-2017
Date

_____ Clerk

Further Information:

---

### Sheriff's or Server's Return

## NON-EST

I hereby certify that I have made a diligent search for and failed to find the within named defendant
__Brandon Martin__, at __1204 Ne Kenwood Dr Lees Summit MO__,
for the reason that __No Answer__.

**DEPARTMENT OF CIVIL PROCESS**
**COURT ADMINISTRATOR'S OFFICE**
**CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

6-21-17
Date

BY _____
DEPUTY

**CIRCT 3031- 12/13**

| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (2-2017) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 17-SMCC-5262  1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 1716-CV11481 |
|---|---|
| Plaintiff/Petitioner:<br>REBECCA SUE LEWIS | Plaintiff's/Petitioner's Attorney/Address<br>ERIK AUGUST BERGMANIS<br>380 WEST US HIGHWAY 54<br>SUITE 201<br>CAMDENTON, MO 65020 |
| vs. | |
| Defendant/Respondent:<br>BLUE SPRINGS SCHOOL DISTRICT | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Wrongful Death | |
| | (Date File Stamp) |

2017 MAY 31 PM 2:15 RECEIVED CIVIL PROCESS

6/22

## Summons in Civil Case

| The State of Missouri to: RECHELE ROSS WHITE<br>Alias: SHELLY WHITE |
|---|

2605 S.W. KRISTIN DRIVE
LEE'S SUMMIT, MO 64082

*marcus*

**COURT SEAL OF**

*CIRCUIT COURT OF MISSOURI*

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

23-MAY-2017
Date

_____
Clerk

Further Information:

---

**Sheriff's or Server's Return**

## NON-EST

I hereby certify that I have made a diligent search for and failed to find the within named defendant
_Rechele Ross White_, at _2605 Sw kristen Dr Lees Summit MO_,
for the reason that _No Answer_

**DEPARTMENT OF CIVIL PROCESS**
**COURT ADMINISTRATOR'S OFFICE**
**CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

_6-21-17_
Date

BY _____
DEPUTY

**CIRCT 3031- 12/13**

| Mileage | $_____ ( _____ miles @ $._____ per mile) |
|---|---|
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (2-2017) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 17-SMCC-5266  1  of  1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

RECEIVED CIVIL PROCESS
2017 MAY 31 PM 2: 10

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 1716-CV11481 |
|---|---|
| Plaintiff/Petitioner:<br>REBECCA SUE LEWIS | Plaintiff's/Petitioner's Attorney/Address<br>ERIK AUGUST BERGMANIS<br>380 WEST US HIGHWAY 54<br>SUITE 201<br>CAMDENTON, MO 65020 |
| vs. | |
| Defendant/Respondent:<br>BLUE SPRINGS SCHOOL DISTRICT | Court Address:<br>308 W KANSAS<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Wrongful Death | |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: PAUL A. KINDER

2308 N.E. MYRTLE CT.
BLUE SPRINGS, MO 64014 *SHADONNA*

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

23-MAY-2017
Date

Clerk

**JACKSON COUNTY**

Further Information:

### Sheriff's or Server's Return

## NON-EST

I hereby certify that I have made a diligent search for and failed to find the within named defendant _Paul A Kinder_, at _2308 N.E. Myrtle CT Bluesprings, MO_, for the reason that _NO Answer_

DEPARTMENT OF CIVIL PROCESS
COURT ADMINISTRATOR'S OFFICE
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

BY

_6-20-17_
Date

DEPUTY

## CIRCT 3031- 12/13

| | | |
|---|---|---|
| Supplemental Surcharge | $ | |
| Mileage | $ | ( _____ miles @ $._____ per mile) |
| Total | $ | |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.