# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| REBECCA LEWIS, Individually, and as Ad Litem on behalf of Decedent, and Decedent's wrongful death beneficiaries,<br><br>Plaintiff,<br><br>v.<br><br>BLUE SPRINGS SCHOOL DISTRICT, et al.,<br><br>Defendants. | Case No. 4:17-cv-00538-NKL |

## ORDER

Pursuant to Mo. Rev. Stat. § 537.095, Plaintiff, Rebecca Lewis, and Defendant Blue Springs School District have asked the Court to approve their Confidential Wrongful Death Settlement Agreement. For the following reasons, the settlement is approved.

## I.     Background

Plaintiff, Rebecca Lewis, is the surviving mother of decedent, Ryker Lewis, who died at age 15. Ryker did not have any children or a spouse. His father, Will Lewis, who was and still is married to Plaintiff Rebecca Lewis, also survived decedent Ryker Lewis. Plaintiff, Rebecca Lewis, filed suit under Missouri's wrongful death statute, Mo. Rev. Stat. § 537.080, alleging wrongful death, as well as other claims against Defendant Blue Springs School District, which are set forth in the Petition. The suit stems from Ryker Lewis' death, which occurred when he completed the act of suicide on or about May 20, 2014.

Plaintiff, as well as her husband, agreed to a settlement of all claims against Defendant Blue Springs School District ████████████████████████████████████████████████████████████████████████████████ The parties thereafter filed under seal documents relating to the Confidential Wrongful Death Settlement that they seek to be approved, which included:

    a.    Joint Application for Approval of Confidential Wrongful Death Settlement

    b.    Affidavits from Plaintiff, Rebecca Lewis, and her husband Will Lewis, including an attachment to each affidavit to which each signed showing a summary of how the proposed settlement proceeds would be distributed and apportioned

    c.    The parties' proposed Settlement agreement terms and release of all claims.

    d.    ████████████████████████████████████████████████

## II. Discussion

The parties ask the Court to approve a final settlement of ██████████ Of that total, the affidavits from Plaintiff and her husband Will Lewis, as well as the contractual agreement, were provided in support of the request for the Court to approve the ████████████ ████████ attorneys' fees, and in support of the request to approve reimbursement of litigation expenses that were advanced on their behalf ████████████████ Finally, the affidavits from Plaintiff and her husband Will Lewis indicate an agreement between them to split the remaining settlement proceeds equally between them.

The parties submitted under seal the Confidential Wrongful Death Settlement Agreement Terms and full release of claims which indicates that the parties' desire for the total settlement amount to be made to Sullivan Law, LLC and thereafter if the settlement was approved, Sullivan Law, LLC would distribute the proceeds in accord with this Court's Order approving said Confi-

dential Wrongful Death Settlement with respect to attorneys' fees, litigation expenses and apportionment between Plaintiff, and her husband. ████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████

Mo. Rev. Stat. § 537.095 provides that the trial court must approve any settlement in a claim for damages under Missouri's wrongful death statute, Mo. Rev. Stat. § 537.080. Specifically, "upon the approval of any settlement for which a petition or application for such approval has been filed, the court shall state the total settlement approved. The court shall then enter a judgment as to such damages, apportioning them among those persons entitled thereto in proportion to the losses suffered by each as determined by the court." Mo. Rev. Stat. § 537.095.3. If multiple parties have standing to sue under the wrongful death statute, any one or more of them may compromise or settle the claim for damages with approval of any circuit court, . . . provided that the claimant or petitioner shall satisfy the court that she has diligently attempted to notify all parties having a cause of action under Section 537.080. Mo. Rev. Stat. § 537.095.1.

In entering judgment, "[t]he court shall order the claimant: (1) to collect and receipt for the payment of the judgment; (2) to deduct and pay the expenses of recovery and collection of the judgment and the attorneys' fees as contracted…(3) To acknowledge satisfaction in whole or in part of the judgment and costs; (4) to distribute the net proceeds as ordered by the court; and (5) To report and account therefor to the court." Mo. Rev. Stat. § 537.095.4.

Therefore, before granting judgment, the Court must resolve four questions: whether (1) the Plaintiff attempted to notify all parties having a cause of action arising from decedent Ryker Lewis's death, (2) the proposed settlement is properly apportioned, (3) the attorneys' fees provided in the proposed settlement are proper, and (4) the parties' proposal for distributing the settlement proceeds complies with the statutory requirement.

### A. Notice

As a prerequisite to approval, any settlement under the Missouri wrongful death statute must demonstrate "a diligent attempt to provide notice to all parties having a cause of action." *Snead by Snead v. Cordes by Golding*, 811 S.W.2d 391, 395 (Mo. Ct. App. 1991). A party has a cause of action if he is "the spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive." Mo. Rev. Stat. § 537.080.1(1).

Plaintiff, Rebecca Lewis, and her husband Will Lewis have each signed an affidavit stating that their minor son had never been married, and had no children. Having reviewed these affidavits, the Court concludes that no other parties have a cause of action arising out of Ryker Lewis' death. It follows, therefore, that the Plaintiff has satisfied the statutory notice requirement.

### B. Apportionment

In a wrongful death action, the trial court has discretion in apportioning settlement proceeds. *Kavanaugh v. Mid-Century Ins. Co.*, 937 S.W.2d 243, 246 (Mo. Ct. App. 1996). *See also Keene v. Wilson Refuse, Inc.*, 788 S.W.2d 324, 326 (Mo. Ct. App. 1990) ("The legislature chose to place the duty and responsibility of apportionment of losses in a wrongful death case squarely within the determination of the trial court."). After weighing the losses suffered by each party, a

court may reasonably exercise this discretion by awarding plaintiffs unequal portions from the settlement fund. *Kavanaugh*, 788 S.W.2d at 246. Conversely, a court may also determine that two parties merit the same award, in this case the Plaintiff, Rebecca Lewis, and her husband Will Lewis, have agreed to split evenly the remainder of the settlement proceeds after attorney's fees and expenses are deducted. The Court finds no reason to disturb this arrangement between Plaintiff, Rebecca Lewis, and her husband, Will Lewis.

      C.      **Attorneys' Fees**

Section 537.095.4(2) provides that a court "shall order the claimant…[t]o deduct and pay the expenses of recovery and collection of the judgment and the attorneys' fees as contracted." Missouri courts read this language to foreclose any judicial discretion when awarding attorneys' fees: if plaintiff, and her husband, have signed a fee agreement, a court cannot modify this contract when approving the wrongful death settlement. *Keene*, 788 S.W.2d at 327. ("[T]he clear language of the statute does not authorize an award of attorney's fees as the court deems fair and equitable.") (internal citations omitted). As such, when considering a request for attorneys' fees in this situation, a court is tasked only to establish that such contract exists, and if one does, the court must order payment per its terms. *Haynes v. Bohon*, 878 S.W.2d 902, 905 (Mo. Ct. App. 1994).

The parties carry the burden of providing evidence of a fee arrangement contract. *Id.* The affidavits of Plaintiff, Rebecca Lewis, and her husband Will Lewis, indicate that they did enter into a written agreement wherein Plaintiff would pay attorneys' fees ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Furthermore, the parties provided said contract under seal. The affidavits of Plaintiff, Rebecca Lewis, and her husband Will Lewis, as well as the attorney fee agree-

ment states that litigation costs would be advanced by their attorneys and Plaintiff and her husband understood and agreed to reimburse costs advanced on their behalf.

The Court has reviewed these terms and determines that, consistent with the parties' settlement request, Plaintiff's counsel is entitled ██████████████████████████ ██████ The Court further determines that a payment to Plaintiff's counsel ██████ in litigation costs and expenses advanced on their behalf is also appropriate.

Furthermore, the Court notes that even if the Court were required to independently ensure that the application of this attorney's fee contract was fair as applied to this case the Court finds that such fee is fair under the Rules of ethics. ████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

█████████████████████████████████████████. Therefore the Court finds that the attorneys' fee sought ███████████████████████████ in this case is fair and reasonable under the facts and circumstances of the case.

### D. Distribution

By the terms of Section 537.095, a court, in approving a wrongful death settlement, must order the claimant to collect the judgment, deduct expenses and attorneys' fees, distribute the proceeds, and report to the court that these steps have been accomplished. *See* Mo. Rev. Stat. § 537.095.4. The Missouri Supreme Court has made clear that this process must be strictly followed. *Parr v. Parr*, 16 S.W.3d 332, 338-39 (Mo. banc 2000). The Court will accordingly follow Parr's framework in ordering distribution of the parties' agreed-upon Confidential Wrongful

6

Death Settlement. For purposes of this proceeding, Rebecca Lewis, Ryker Lewis' mother, shall serve as the claimant.

Rebecca Lewis shall collect the ▇▇▇▇ settlement from the Defendants, and may be permitted to do so in the manner set forth in the Settlement Agreement and Release which indicates Rebecca Lewis is collecting the settlement by and through Sullivan Law, LLC from the Defendants. From these proceeds, Plaintiff Rebecca Lewis shall direct Sullivan Law, LLC to distribute, and it is further Ordered that Sullivan Law, LLC shall distribute the settlement proceeds in the manner set forth above, which in summary is as follows: ▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Plaintiff, Rebecca Lewis shall acknowledge full settlement of claims against all Defendants in this case, and her as well as her husband shall execute the Confidential Settlement Agreement/Release of Claims filed under seal with the Court. After distribution, Plaintiff, Rebecca Lewis, is directed to file a report with this Court concerning the receipt and distribution of the settlement funds pursuant to Mo. Rev. Stat. § 537.095.4.

Finally, the Court finds that one of the terms in the proposed Confidential Wrongful Death Settlement Agreement/Release is a provision concerning confidentiality as to the terms of

settlement, and the amount. Due to the nature of this case, and the manner in which the death of a minor occurred in this case, the Court finds it reasonable to approve the confidentiality provision as set forth in the Settlement Agreement/Release.

## III. Conclusion

For the foregoing reasons, the Parties' Joint Application for Approval of the Confidential Wrongful Death Settlement is granted, and the unredacted version of this Order along with the documents already submitted under seal shall remain under seal and confidential.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated:  March 1, 2018  
Jefferson City, Missouri